Davis v. Wiley.

---

JOSEPH DAVIS, appellant, v. THOMAS WILEY, appellee.

*Appeal from Vermilion.*

When covenants are independent, performance need not be averred, but otherwise when they are dependent. It is then essential that the plaintiff should aver performance, or an offer to perform his part of the covenants.

Covenants are to be construed to be dependent or independent, according to the intention of the parties, and the good sense of the case, and technical words should give way to such intention.

In a declaration by the plaintiff, upon a contract with the defendant, by which the former agreed to make 800 rods of ditching for the latter, and to commence the work immediately, and continue the same until completed, if weather and health permitted; but if he should be taken sick, the defendant was to receive the ditching then made, and wait until the plaintiff should be able to finish the remainder; for which the defendant agreed to pay the plaintiff at the rate of 62½ cents per rod, $300 to be paid in nine months, and the balance in twelve months: *Held*, that it was not sufficient for the plaintiff to aver generally, that he had performed his covenants; but he should have specially averred that he had completed the ditching, in order to enable him to recover: *Held*, also, that the covenants in the agreement were mutual and dependent; and that the ditching was to be made before payment could be demanded; but if the plaintiff should be taken sick, then the defendant should accept and pay for so much of the work as should be completed, and wait for the residue.

Where a declaration is defective, a demurrer to a plea should be sustained to the declaration.

THIS was an action of *covenant*, and was heard in the Court below, at the May term, 1839, before the Hon. Justin Harlan. Judgment was rendered for the plaintiff, on demurrer to the defendant's plea, for $218 damages. The defendant appealed to this Court.

O. B. FICKLIN, for the appellant, cited R. L 483–4; Salk. 171; Tucker's Notes 364; 2 Rand. 71; 1 H. Blac. 273, note a; 1 Term R. 645; 6 Term R. 570–1, 668; 7 Term R. 130.

U. F. LINDER, for the appellee.

WILSON, Chief Justice, delivered the opinion of the (old) Court:

By an agreement under seal, dated March 28, 1836, Davis, the

defendant below, covenanted to give the plaintiff, Wiley, a job of 800 rods of ditching, at 62½ cents per rod, and pay him therefor $300, on the 1st of December ensuing, and $200 in twelve months thereafter. The plaintiff, on his part, covenanted to commence the work immediately, and continue the same until completed, if weather and health permitted; but if he should be taken sick, the defendant was to receive the ditching then made, and wait with him until he should be able to finish the remainder. Upon this contract, the plaintiff, Wiley, has brought his action, and in his declaration avers generally that he has truly kept and performed his covenants; but that the defendant has broken his covenant, in failing to pay the last instalment of $200. The defendant pleaded a readiness to perform his part of the contract, but that the plaintiff had broken his covenant, by neglecting to make 400 rods of the ditching. He also pleaded that the plaintiff's covenant to perform the work was precedent to the obligation to pay, &c. To these pleas the plaintiff demurred, and the decision of the Court sustaining the demurrer, is assigned for error.

In deciding upon the correctness of the decision of the Court below, it becomes necessary to ascertain the character of the covenants of the parties, inasmuch as their rights and obligations depend upon them, and the pleadings must conform thereto.

When covenants are independent, performance need not be averred; but otherwise when they are dependent. It is, then, essential that the plaintiff should aver performance, or an offer to perform his part of the covenants. In the classification of covenants, some of the old cases proceeded upon distinctions extremely nice and technical, but the governing rule to be deduced from modern authorities, is, that "covenants are to be construed to be dependent or independent, according to the intention of the parties, and the good sense of the case; and that technical words should give way to such intention." According, then, to this rule, the covenants of the parties in this case must be understood as mutual and dependent. Although the time for the payment of the money is fixed by the article of agreement, yet it is evident from the general tenor of that instrument, as well as some of its special stipulations, that the time of payment was fixed in anticipation of the prior performance of the labor.

In ordinary transactions, a service done is not paid for in anticipation. Hence the rule, that the payment of money, for an act done, is not be made before the act is done, unless a contrary intention appears. (1) In this case, no such intention can be collected from the stipulations of the parties, but, on the contrary, an intention directly the reverse, and one agreeable to the general course of business, and practice of men, may be inferred from the stipulation which provides, that if the plaintiff should be taken sick,

(1) Salk. 171.

the defendant is to take so much of the ditching as he has made, and wait with him for the balance. What could be the object of this stipulation, if it was not the understanding of the parties, that the ditching was to be done before it was to be paid for? It is only in this view of the contract, that the covenant could be necessary, or would have been inserted. If the defendant's covenants were to be performed without reference to those of the plaintiff, the whole of the payments for the ditching might be enforced before a rod of it was done; indeed, the defendant might be compelled to pay for that which he might never receive; for as sickness would excuse the plaintiff from performing his covenant, its continuance would work an indefinite postponement of the ditching. A construction of a contract that would produce such inequality and injustice, can be justified only by the manifest intention of the parties. In this case, such intention is not only not expressed, but is forbidden alike by the special terms of the contract, and the common sense and practice of men, in reference to such transactions. If the work were such as to require an advance of capital, or would, either from its magnitude or nature, reasonably require more time than was allowed for the payments, then there might be some grounds for supposing that the defendant intended to depart from the common usage in reference to the payments for the work, and rely upon the covenants of the plaintiff; but nothing of this sort exists in this case. No money was necessary to prepare for the work; and the time of payments was fixed at one and two years, for the purpose of allowing ample time for the previous completion of the work.

The covenant of the plaintiff to do the ditching, and that of the defendant to pay for it, being considered dependent, the plaintiff should have averred, in his declaration, performance on his part, by a completion of the ditching. He has averred generally that he has kept and performed all his covenants; but inasmuch as his covenant to do the work was not broken by a failure which was the result of sickness, it cannot be understood, from his general averment, that he had completed the ditching, according to his contract; and as that is essential to his recovery of the price agreed upon, it should have been specially averred; and this not having been done, the omission of a sufficient averment in the plaintiff's declaration was the first defect in the pleadings, and, consequently, one reached by the demurrer to the defendant's plea. The judgment of the Court should, therefore, have been for the defendant, upon the demurrer, with leave to the plaintiff to amend his declaration.

The judgment of the Court below is reversed, with costs, and the cause remanded, for further proceedings in conformity to this opinion.

*Judgment reversed.*