## VERE BATES KING *et al.*

*v.*

## GEORGE WORTHINGTON *et al.*

1. EVIDENCE—*copy of instrument.* A letter-press copy of a writing is not an original. It in nowise differs from any other accurate copy than in the mode in which it is made, and can be used in the place of the original in no case where a proved copy made in another manner would not be equally admissible.

2. SAME—*under Burnt Record Act.* A copy of an abstract is not admissible in evidence under the Burnt Record Act, although it is a letter-press or *fac-simile* copy, and such a case is made as would make the original competent evidence, if produced.

3. WITNESS—*competency of interested witness against heirs.* Grantors with covenants of warranty are not competent witnesses to prove their ownership and conveyance of the property described in lost deeds, under the Burnt Record Act, as against a party who defends as an heir at law of a deceased person.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Messrs. WAITE & CLARKE, for the appellants.

Messrs. MILLER & FROST, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The object of the bill in the present case was, to have declared void, and that it cease to be a cloud upon complainants' title, a certain quitclaim deed, executed by one Heman Scott to John B. King, now deceased, the father of the defendant Vere Bates King, and the husband of the defendant Emily A. King.

The complainants claim under Heman Scott, by virtue of a prior conveyance by him to one Bishop, through a series of *mesne* conveyances; and the charge is, that the quitclaim deed to King was made without any valuable consideration, and that King took it with notice of the prior conveyance to Bishop.

The burden was upon complainants to prove title as alleged; and the defendant Vere Bates King being a minor, it is essential the record should show that the proofs fully authorized the decree.

A portion of the conveyances in the complainants' chain of title were recorded, but three of them were not. The evidence shows the loss of all the original conveyances but two, and the destruction, by burning, of the records of those that were recorded.

The court, over the objection of the defendants' counsel, received in evidence a letter-press copy of an abstract of title to the property, taken from an abstract made before the destruction of the record, and the question is thus raised whether this evidence was properly received. It is not pretended by the counsel that it would have been admissible but for the statute in force July 1st, 1872, entitled "An act to remedy the evils consequent upon the destruction of any public records by fire or otherwise," by the 23d section of which it is provided: "In all cases under the provisions of this act, and in all proceedings or actions now or hereafter instituted as to any estate, interest or right in or any lien or incumbrance upon any lots, pieces or parcels of land, where the original evidence has been destroyed by fire or otherwise, the court shall receive all such evidence as may have a bearing on the case, to prove the execution or contents of the records and deeds so destroyed, although not admissible as evidence under existing rules governing the admission of evidence: *Provided*, that the testimony of the parties themselves shall be received subject to all the qualifications in respect to such testimony which are now provided by law."

This, by its general and comprehensive terms, it is argued, in view of the fact that, by the next section, an abstract is made evidence in such cases, is sufficient to authorize the letter-press copy to be received as evidence, which, it is claimed, is more than a mere copy, being an exact *fac-simile* of the face of the original.

The next section, the 24th, is as follows:

"Whenever .it shall be made to appear, in any court in which any suit or proceeding is now or hereafter may be pending, that the originals of any deed or deeds, or other instruments of writing, or records in courts, relating to any lands, the title or any interest therein being in controversy in such suit or proceeding, is lost or destroyed, or not within the power of the party or parties to produce the same, and the records of such deeds or other instruments in writing, or other records relating to or affecting such lands, are destroyed by. fire or otherwise, it shall be lawful for any such party to offer in evidence any abstract of title, made in the ordinary course of business, prior to such loss or destruction, showing the title of such land," etc.

It would, therefore, seem clear that, by the familiar and well settled rules of construction, the 23d section was not intended to embrace copies of abstracts of title as instruments of evidence. Each section, we must suppose, was designed to, and, we think, does, convey a definite and distinct meaning from that conveyed by the other, and the latter enlarges the rule of evidence declared by the former, and extends to instruments not within its contemplation.

The 24th section being the only authority for the admissibility of abstracts of title in evidence, and its language embracing abstracts only, we are unable to discover any reason for holding that a copy of an abstract is also admissible. Had such been the intention of the legislature, it would certainly have been so said in so many words. A letter-press copy is not an original. It in nowise differs from any other accurate copy than in the mode in which it is made; and it can be used in the place of an original in no case where a proved copy, made in another manner, would not be equally admissible. *Foote* v. *Bentley*, 44 N. Y. 169.

Our conclusion, therefore, is, the court erred· in admitting this evidence.

The testimony of Heman Scott, Coryden Weeks, Porter L. Hinckley and John Bartholomew, each of whom was a grantor

by deed, with full covenants of warranty, in the complainants' chain of title, and who severally testified to their ownership and conveyance of the property in controversy, was also received by the court, over the defendants' objection, and this is also claimed to be erroneous.

The defendant Vere Bates King, as before observed, is a minor, and defends as the heir at law of John B. King, deceased. If, therefore, these witnesses have, in presumption of law, such an interest in the result of the suit as would have disqualified them from testifying before the passage of our statute permitting parties to suits and persons interested therein to testify, they fall within one of the exceptions in that statute, and must be held incompetent.

This question we do not consider an open one; and, as will be seen by the closing paragraph in section 23 of the act above quoted, the rule is not to be changed, in the present case, by reason of the peculiar character of the evidence by which the complainants are under the necessity of making out their title.

In *Hamilton* v. *Doolittle*, 37 Ill. 474, the plaintiffs claimed title as heirs at law of one Irwin B. Doolittle, deceased, who was the grantee of Peter Menard by deed with covenant of warranty. The deed purported to have been acknowledged before a notary public, but there being no proper seal attached to his certificate, other proof of its execution became necessary. Menard himself was then introduced as a witness, and proved its execution. There, as here, the defendant claimed under a subsequent quitclaim deed made by the same grantor. The court, in passing on the competency of Menard as a witness, among other things, said: "We are aware of no case which has gone the length of permitting the grantor, by deed containing covenants for title, to give evidence in a case in which the validity of the title is involved. Such a person has, it is believed, always been held to have a disqualifying interest in the event of the suit.

"It is insisted, in this case, that the witness is called against his interest; that it was his interest to invalidate the deed, and thereby avoid his covenants. This is not the true attitude of

the grantor. It is obviously his interest to maintain the title which he covenanted to make good. Nor does it follow that to defeat a recovery under the deed, would absolve him from liability on his covenants. A failure to recover would fix the failure of title, which he could not dispute. And it would afford a material link in the chain of evidence to establish his liability. Nor could he, in an action of covenant on the deed, establish the deed to have been void, by showing that the land could not be recovered under this deed. And where it is shown that no title passed by the execution and delivery of the deed, then the liability is established under his covenants. It does not follow that, because the deed was not sufficiently proved to bind third parties, it therefore was not binding between the parties to the instrument. As between them, and as a covenant, it might be proved as any other written instrument, to entitle it to be read in evidence. In an action of covenant it would require a less degree of proof than as a deed sufficient to pass title to land."

We are unable to discover anything, in this respect, in the present case, to distinguish it in principle from that, and it must. hence, be governed by the same rule. See, also, *Lester* v. *White's Heirs*, 44 Ill. 465.

With regard to the objection to Canfield's evidence, we only think it necessary to say, it was not competent to prove the Ohio statutes by parol evidence; but the introduction of the statutes themselves obviated all injury that might otherwise have resulted to the defendants on that account. His opinion of the sufficiency of the deeds, or the conformity of the deeds and certificates appended with the statutes of Ohio, was incompetent as evidence; but his recollection of the substance of the deeds and certificates was properly admissible as secondary evidence of their contents.

The rejection of the evidence which we hold to have been improperly received, leaves the case without sufficient proof to sustain the decree. The decree will therefore be reversed, and the cause remanded for further proceedings consistent with the views here expressed.            *Decree reversed.*