LIVINGSTON COMPTON et al.

*v.*

MARGIANA M. RANDOLPH et al.

*Filed at Ottawa November 20, 1882.*

EVIDENCE *of title—under Burnt Records act.* The statute known as the "Burnt Records act," makes an "abstract of title made in the ordinary course of business," prior to the destruction of the title papers and records, competent evidence to show title to land, but not a copy of a "letter press copy" of such abstract, or the "letter press copy" itself, and it is error, in a proceeding under that statute to establish title, to admit in evidence such letter press copy of an abstract, or a copy thereof.

Writ of Error to the Circuit Court of Cook county; the Hon. George Gardner, Judge, presiding.

Mr. Chas. H. Wood, and Mr. E. J. Whitehead, for the plaintiffs in error.

Messrs. Goudy & Chandler, for the defendants in error.

Mr. Chief Justice Scott delivered the opinion of the Court:

Margiana M. Randolph and John Randolph Peeples, claiming to be the owners in fee each of an undivided half of the premises in question, filed their petition in the circuit court of Cook county, in which they set forth the destruction of the public records containing the evidence of their title, and ask to have their title established and confirmed in them, under the provisions of the act of 1872, commonly known as the "Burnt Records act." A number of persons were named as defendants, some of whom disclaimed having any interest in the property, and others were defaulted, but defendants Livingston Compton and Edward J. Whitehead filed their answers to such petition, in which they deny the alleged ownership of petitioners, as set forth in their petition, and also set forth their own claim to the property involved. Replications were filed to the answers of these defendants, and the cause was submitted for hearing on the petition, answers, replications and proof reported by the master in chancery, and the court found the issues for petitioners, and established the title to the premises in them. The defendants defending in the circuit court bring the case directly to this court on error.

It will not be necessary, at this time, to remark upon all the questions raised and discussed on the present record. That can be better done when the case shall be finally considered upon its merits. The present judgment must be reversed on account of the error of the trial court in the admission of

improper evidence. Petitioners, to sustain their title, gave in evidence, over the objections of defendants, a copy of a "letter press copy" of an abstract of title made in the ordinary course of business, and also the "letter press copy" itself. This was error. The statute has made an "abstract of title made in the ordinary course of business," prior to the destruction of title papers, competent evidence to show title to land, but it has not made a copy of a "letter press copy" of such abstract, or the "letter press copy" itself, competent evidence. The question raised need not now be discussed as a new question. It was definitely settled by the decision of this court in King v. *Worthington*, 73 Ill. 161, and it was error in the circuit court not to observe the rule as declared in that case.

The decree of the circuit court will be reversed, and the cause remanded.                                           *Decree reversed.*

DICKEY and SHELDON, JJ.: The record in this case showing that the abstract of title was destroyed, we are of opinion the letter press copy of it was admissible in evidence.

104  557
31a 481

104  557
34a 525

104  557
53a  35

104  557
76a 465

104  557
88a 205