## International Text Book Company, Appellant, v. Louis C. Mackhorn, Appellee.

1. APPEALS AND ERRORS—*what general assignment of errors saves for review.* Under a general assignment of errors that the court should have granted a new trial, the appellant may urge the rejection of proper and the admission of improper evidence, the giving of improper and the refusal of proper instructions, where proper objections were made and exceptions saved to the rulings thereon

when offered, and also that the evidence does not sustain the verdict.

2. APPEALS AND ERRORS—*when exception to judgment not essential to review.* An exception to the judgment is not essential to review where a case has been tried before the court without a jury.

3. EVIDENCE—*when copies of letter incompetent.* Copies of letters even if made by a letter-copying machine are not admissible as primary evidence; notice to produce duly served is essential to the right to the introduction of secondary evidence.

4. EVIDENCE—*when re-offer of excluded evidence should be made.* If letters have been rejected on the ground that they are secondary in character (no notice to produce having been served) they should be re-offered if the proof subsequently develops a claim upon the part of the addressee that the original letters had never been received. In the absence of such re-offer the rejection of the secondary evidence cannot be successfully urged as error.

5. EVIDENCE—*when objection to question does not save propriety of answer for review.* An objection to a question does not cover the propriety of an answer, if the answer as given was not called for by the question.

6. CONTRACTS—*what not varying by parol.* It is competent to supplement a written contract by evidence of matters of detail agreed upon as to which the contract is silent.

7. CONTRACTS—*when party must establish substantial performance.* In an action to recover money claimed as due under a contract which money is not payable independently of performance of the contract by the plaintiff, the burden is upon the plaintiff before he can recover such money to establish that he substantially performed his part of such contract.

8. INSTRUCTIONS—*invading province of jury.* An instruction which invades the province of the jury is palpably erroneous.

Action commenced before justice of the peace. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed April 9, 1910. Rehearing denied October 27, 1910. *Certiorari* denied by Supreme Court (making opinion final).

HALL & DAME, for appellant; DAVID C. HARRINGTON, of counsel.

DAN McGLYNN, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This suit was begun before a justice of the peace to recover the balance of $49.40 alleged to be due under

a contract for a scholarship in the International Correspondence Schools for a course of instruction to Louis T. Mackhorn in book-keeping and business forms, the price of which scholarship was guaranteed by Louis C. Mackhorn. A judgment was rendered for the defendant, and the cause was appealed to the City Court of East St. Louis in which, upon a trial by the court and a jury, judgment was rendered for the defendant. The cause being appealed here an opinion was filed at the February term, A. D. 1909, affirming the judgment of the lower court upon technical grounds not involving the merits of the case. A new hearing was granted appellant by this court at its last term.

On a reconsideration of the cause we think the appellant is entitled to a hearing on the merits. A motion for a new trial by the appellant was overruled in the lower court, and exceptions thereto were duly saved by the appellant. Proper objections and exceptions were entered by appellant to the evidence and the instructions complained of, and the motion for a new trial assigned all causes urged here for a reversal of this judgment. Under the general assignment of error that the court should have granted new trial, the appellant may urge the rejection of proper, and the admission of improper, evidence, the giving of improper, and the refusal of proper, instructions where proper objections were made and exceptions saved to the rulings therein when offered, and also that the evidence does not sustain the verdict. The judgment in jury trials follows as a matter of course on the overruling of motions for a new trial and in arrest of judgment, and it is not usual in such cases to except to the judgment. In trials before the court without a jury it is usual where the correctness of a judgment is attacked either to move for a new trial and save exceptions to the overruling of the same, or to preserve an exception to the judgment. O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104; Grand Pac. Hotel Co. v. Pin-

kerton, 217 Ill. 61; Yarber v. C. & A. Ry. Co., 235 Ill. 589.

Appellant insists that the court erred in refusing to admit in evidence two copies of letters of appellant written to Louis T. Mackhorn in February, 1906, after the making of the contract, January 30, 1906, tending to show that appellant forwarded to said Louis T. Mackhorn instructions and lessons by correspondence in said course of study as provided in said contract. These letters were very material to appellant's case, but it appears from this record that there had been no notice given to appellee previous to the trial to produce the originals of these letters, and that the only demand made on appellee for same to be produced was when the copies of those letters were offered in evidence. Objections were made to these copies that they were secondary evidence, and that no notice had been served on appellee to produce the originals before the copies were offered in evidence. The court sustained the objections of appellee on ascertaining that appellee did not have the originals in court. In this the court committed no error. Copies of the letters, even if made by a letter copying machine, are not admissible as primary evidence. 2 Elliott on Ev., sec. 1260, and 1 Elliott on Ev., sec. 208; King v. Worthington, 73 Ill. 161.

Evidence by a party to a suit as to the contents of letters written by him to the adverse party is inadmissible, when no notice to produce the originals was given. Wright v. Raftree, 181 Ill. 464; LaSalle Pressed Brick Co. v. Coe, 53 Ill. App. 506.

It is true as appellant claims, that after the refusal of the court to allow these copies to be read in evidence on said objections, that it was developed by the testimony of the Mackhorns that these letters were never received by them and that they did not have the originals in their possession. But if it be conceded that subsequent evidence was furnished showing that these letters were lost or not in existence, this does not make the ruling of the court complained of error. If

it was afterwards proved that plaintiff was entitled to introduce secondary evidence of their contents, the copies of the letters should then have been re-offered in evidence. This was not done and as the ruling of the court was right when made, the assignment of error thereon must fail. We have examined the other objection of the appellant to the court's rulings on the evidence and find the same untenable. The court did not admit any evidence that tended to vary the terms of the written contract. The defendant was entitled to the evidence as to what lessons and instructions were furnished Mackhorn by appellant as bearing upon the question whether or not appellant had performed its part of the contract in furnishing these items. He was entitled to the evidence as to what lessons and instructions he was to receive and as to how he would receive them as told to him by the agent who represented the appellant in securing this contract as the contract was indefinite or silent in that regard. This was not varying the terms of the contract, but a method of finding out what were the terms of the contract in a matter wherein it was silent. As no evidence tending to vary the terms of the contract was admitted, and as the authority of the soliciting agent was not questioned, the authority of the agent was of no importance. Besides the evidence of his authority was admitted fully anyway. The statement of appellee that the agent, Baum, promised to instruct defendant's son personally was improper; but the answer was not responsive to his counsel's question and a motion should have been made by appellant to strike out his testimony, or an objection should have been made to this answer, and for failure so to do there is no ruling on the evidence. Objections to the question, simply, did not cover the answer, as no such an answer was sought for by the question.

Appellant also complains of the giving of the latter portion of the only instruction offered by appellee, to-wit: ''And if you believe from the evidence in this

case that the plaintiff failed or neglected to furnish the said Louis T. Mackhorn with such instructions as it agreed to give him, by the terms of said contract then you should find the issues in this case for the defendant.''

The plaintiff offered the converse of this proposition, and the whole case was defended upon the single issue that the plaintiff had not performed its contract in that regard. It is not perceived by us why this instruction is not proper and no good reason is given to the contrary. The written contract provided: ''A complete set of the instruction papers and examining questions, in pamphlet form, and drawing plátes used in teaching, which are to be supplied to me, in parts, as I proceed with my studies.'' The testimony of the defense as given by both the Mackhorns, was that these matters were not furnished by appellant at all; and the evidence of the appellant in the furnishing of these matters is barely enough to make a *prima facie* case when only the legal evidence on that question is considered. Under the evidence in this record we think the jury were warranted in finding the issues for the defendant upon the rule of law that the plaintiff must prove by the preponderance of the evidence that it had substantially performed its part of the contract before it could recover.

The court very properly refused to give to the jury the appellant's refused instruction for the reason that by it the jury were told that, ''from the undisputed evidence it appears that said company sent the books and commenced to give instructions as provided for in said contract, and did perform its part of said contract in so far as it was permitted to do so by said Louis Mackhorn,'' etc., which facts were the contested ones in the case in the lower court. The instruction is palpably erroneous as invading the province of the jury.

Finding no reversible error in the record, the judgment of the lower court is affirmed.

*Affirmed.*