## Western Pine Lumber Company, Defendant in Error, v. Martin E. Nelson, Plaintiff in Error.

### Gen. No. 19,588.    ₍Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed October 8, 1914.

### Statement of the Case.

Action in the Municipal Court of Chicago by the Western Pine Lumber Company against Martin E. Nelson on a contract of guaranty to recover the unpaid balance due on certain notes. The facts showed that the defendant was president of a certain milling company which was indebted to the plaintiff upon an open account for materials sold and delivered; that the milling company ordered a carload of lumber from the plaintiff, but the plaintiff refused to fill the order before the old account was straightened up; that the defendant called at the plaintiff's office and an arrangement was made whereby the defendant, as its president, agreed to execute certain notes for the milling company, and also to personally guaranty their payment by letter if the plaintiff "would ship the carload of lumber or establish a credit to the milling company again as they were."

This proposition was consented to and the defendant so executed the notes and guaranty. A part of the notes were not fully paid at maturity and the plaintiff never performed its promises as agreed, and this suit was brought against defendant on his guaranty for the unpaid balance due on the notes.

The defendant filed an affidavit of merits stating that the guaranty was signed upon the representation that plaintiff would extend further credit to the maker of the notes, and would ship the lumber which had been

ordered, but that after defendant had signed the guaranty "the plaintiff wholly refused to perform and carry out its said agreement," whereby the consideration for the guaranty had "wholly failed." No counterclaim or set-off for damages arising out of a breach of plaintiff's promise was set up by defendant. Upon a trial by jury, the court directed a verdict in favor of plaintiff for $460.17. To reverse the judgment entered on the verdict, defendant prosecutes error.

SMIETANKA, JOHNSON, MOLTHROP & POLKEY, for plaintiff in error.

WILLIAM S. CORBIN, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. GUARANTY, § 7*—when breach of agreement which induced making of not failure of consideration. Where a person guaranties the payment of promissory notes upon a promise of the payee to perform certain acts, the failure of the payee to perform such acts as promised does not constitute a total failure of consideration, since in such case the promise of the payee constitutes the consideration for the guaranty.

2. GUARANTY, § 331*—when defense of failure of consideration improper. Where a person guarantied the payment of promissory notes upon a certain promise of the payee, and when sued upon his guaranty set up as his only defense that there was a total failure of consideration because the payee failed to perform his promise, without setting up a counterclaim for breach of plaintiff's promise, held that a direction of a verdict for plaintiff was proper; for the reason that the failure of the plaintiff to perform its promises did not constitute a failure of consideration.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.