· MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

BROKERS, § 90*—*when evidence is insufficient to show procurement of purchaser.* In an action to recover a real estate broker's commission, evidence *held* insufficient to show plaintiffs procured a purchaser for defendants' property who was ready, willing and able to buy same, the prospective purchaser testifying that he was dependent upon another party furnishing the funds for such purchase and there being no evidence as to such other party's ability or willingness to furnish such funds.

---

### Max Cohn et al., Defendants in Error, v. Morris Cohen, Plaintiff in Error.

### Gen. No. 22,151.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed. Opinion filed March 20, 1917.

### Statement of the Case.

Action by Max Cohn and others, plaintiffs, against Morris Cohen, defendant, to recover for services rendered in moving defendant's furniture, in which defendant's affidavit of merits charged plaintiffs with negligence in such moving and damages resulting therefrom to a certain amount, and a mutual agreement of settlement of all claims by release and discharge arising out of the transaction. From a judgment for plaintiffs, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

B. M. Shaffner, for plaintiff in error.

Isidore Fried, for defendants in error.

Mr. Justice McDonald delivered the opinion of the court.

### Abstract of the Decision.

1. Contracts, § 385*—*when evidence is insufficient to sustain verdict for plaintiffs in action to recover for services rendered.* In the absence of any evidence offered by the plaintiffs in support of their action, and upon the uncontradicted evidence offered by the defendant in support of his defense, *held* that a judgment for the plaintiffs was erroneous in an action to recover for services rendered in moving furniture.

2. Contracts, § 70*—*what is valid consideration for promise.* A promise constitutes a valid consideration for a promise.

---

### Washingtonian Home of Chicago, Appellee, v. City of Chicago, Appellant.

### Gen. No. 23,025.   (Not to be reported in full.)

Interlocutory appeal from the Superior Court of Cook county; the Hon. Denis E. Sullivan, Judge, presiding.   Heard in the Branch Appellate Court.   Reversed.   Opinion filed March 20, 1917.

### Statement of the Case.

Suit by Washingtonian Home of Chicago, a corporation, complainant, against the City of Chicago, defendant, to enjoin the enforcement against complainant of a certain ordinance of the defendant requiring the installation in nonfireproof buildings more than two stories in height of certain fire apparatus.   From

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.