**E. B. Conover & Company, Appellees, v. The Baltimore & Ohio Southwestern Railroad Company, Appellant.**

1. CARRIERS, § 160*—*when provision in shipping contract limiting time for making claim for damages is valid.* A provision in a shipping contract, limiting the time within which a claim for damages may be made and fixing the manner and place of making it, is valid and binding, and a failure to give notice is fatal to plaintiff's right to recover unless it is contrary to law or unreasonable.

2. EVIDENCE, § 109*—*necessity of producing best.* The best evidence must be produced of which the nature of the case is capable, and no evidence should be received which presupposes better evidence behind in the party's possession or power.

3. EVIDENCE, § 138*—*when secondary evidence of claim for damages is inadmissible.* The best evidence of a claim for damages against a carrier for negligence in the transportation of grain is the claim itself, and secondary evidence of its contents is inadmissible where no attempt has been made to require the carrier to produce the claim so as to make a foundation for the admission of secondary evidence, upon the failure of the carrier to comply with the notice.

4. EVIDENCE, § 115*—*what is best of contents of private writing.* The best evidence of the contents of every private writing is the writing itself.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. COMMERCE, § 5*—*what law governs as to loss of or damage to freight in transit in interstate.* Suits for loss of and for damage to freight in transit in interstate commerce are exclusively controlled by the Interstate Commerce Act and the Carmack and Cummins Amendments thereto.

6. CARRIERS, § 162*—*when written notice of claim is unnecessary.* Under the Cummins Amendment to the Interstate Commerce Act, relating to the liability of an initial carrier for loss, damage or injury to property caused by any common carrier to whom the property is delivered or over whose line it shall pass, and providing "that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery," damages caused by delay in transit resulting from deterioration are exempted from the requirement of a written claim as a condition precedent to recovery.

7. CARRIERS, § 162*—*when notice of claim of loss of grain is necessary.* Loss of grain from a car is not within the provision of the Cummins Amendment to the Interstate Commerce Act, that "if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

8. INSTRUCTIONS, § 145*—*duty of attorneys for respective parties to prepare.* It is the duty of attorneys for the respective parties to prepare such instructions pertinent to the issues as they desire, and the failure of the court to give them on its own accord is not error.

Appeal from the Circuit Court of Sangamon county; the Hon. ELBERT F. SMITH, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded. Opinion filed April 19, 1918.

GRAHAM & GRAHAM, for appellant; EDWARD BARTON and CHARLES R. WEBBER, of counsel.

H. L. CHILD, for appellees; WILSON, WARREN & CHILD, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

E. B. Conover & Company is a partnership engaged in Sangamon and adjoining counties in Illinois in buying and shipping grain. It brought this suit to recover damages claimed to have been sustained on three carloads of shelled corn shipped, two from Cass county, Illinois, and one from Christian county, to Baltimore, Maryland. The declaration contains a count based upon each car. In each of two counts it is averred that plaintiff delivered a car of grain to the defendant for transportation to Baltimore; that it became the duty of defendant to carry the grain within a reasonable time and to use due care in caring for said grain and not permit it to heat or otherwise deteriorate; that the defendant failed to deliver the grain within a reasonable time in as good condition as when received by it, but negligently permitted the grain to deteriorate in quality. A third count avers that there was a shortage of corn in a third car when it reached its destination. One car containing 1,360 bushels of corn was shipped from Philadelphia, Illinois, February 17, 1916, and was delivered at Baltimore, Maryland, April 22, 1916. Another car containing 1,185 bushels was shipped from Bluff Springs, Illinois, February 17th, and arrived at Baltimore, April 22nd. The third car was shipped from Breckenridge, Illinois, to Baltimore, and in that car there was a shortage of 7,490 pounds. It is claimed that the corn in the cars shipped from Philadelphia and Bluff Springs heated and rotted in the cars because of the delay in transit. A jury returned a verdict in favor of plaintiff for $544, on which judgment was rendered. The defendant appeals.

The shipments were all interstate. The suit is against the initial carrier. Through bills of lading were issued. One of the conditions of the bills of lading is: that claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after the

delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable. On two of the shipments the only claim of damages is for deterioration caused by delay because of congestion over the route of the final carrier. What was said in *Conover v. Wabash, Ry. Co.*, 208 Ill. App. 105, concerning that question applies to these two shipments and to the measure of damages on those shipments, and repetition thereof is unnecessary.

The only damages claimed on the third car are for loss of corn shipped. The appellee apparently was of the opinion that proof of presentation of claims for damages in writing was necessary, although it argues in this court that such proof was unnecessary, etc., and cites *Baxter v. Louisville, N. A. & C. Ry. Co.*, 165 Ill. 78, as authority for its contention that the notice referred to is collateral and not necessary to be shown to entitle it to a recovery. The holding of the court in that case was that the notice provided for was unreasonable and therefore void. It does not sustain the contention of appellee. The bills of lading introduced in evidence by appellee show that the filing of the notice of claim in writing is a condition precedent to bringing suit. The rule is that a provision in a shipping contract, limiting the time within which a claim for damages may be made and fixing the manner and place of making it, is valid and binding, and a failure to give notice is fatal to plaintiff's right to recover unless it is contrary to law or unreasonable. *St. Louis, I. M. & S. Ry. Co. v. Stairbird*, 243 U. S. 592; *Clegg v. St. Louis & S. F. R. Co.*, 203 Fed. 971; *Sweetser v. Chicago & A. R. Co.*, 196 Ill. App. 623; 4 R. C. L. 794, 922.

Appellee called a witness, John McHenry, who testified on that question. Appellant contends that the court erred in overruling objections made to the testi-

mony of this witness for the reason that the evidence was secondary and not the best evidence. The evidence of the witness on that question is:

"I would know by referring to the claims whether or not the claims were filed with defendant company in this case.

"Q. Was there a claim filed in each of these cars?

"Objected to by the defendant as not the best evidence.

"Overruled. Exception.

"A. Yes, sir, there was.

"I know whether claim was filed with the defendant carrier by the E. B. Conover Grain Company on B. & O. car 90779 out of Berry, Ill., December 17, 1915.

"Q. On what date, if you know, was claim filed with the defendant carrier?

"Objected to by defendant as not the best evidence.

"Overruled. Exception.

"A. February 23, 1916.

"I know whether claim was filed with the defendant carrier on car B. & O. 85201 out of Bluff Springs, Ill., February 17, 1916. Claim was filed on June 6, 1916. I know whether claim was filed with the defendant carrier on car A. T. & S. F. 29193 out of Philadelphia, Ill., on February 17, 1916. Claim was filed with the defendant carrier on June 9, 1916.

"Mr. Child: Let me have the paper, Mr. McHenry."

The foregoing was all the evidence offered on that question. The witness did not testify that any claim was made in writing. If a claim was made in writing, then the appellant should have been notified to produce the writing in order to lay a foundation for the introduction of secondary evidence. It is a well-established rule that the best evidence must be produced of which the nature of the case is capable, and no evidence shall be received which presupposes better evidence behind in the party's possession or power. If from the nature of the case it be manifest that a

more satisfactory kind of evidence exists and is attainable, the party will be required to produce it, or account for its nonproduction. (2 Encyc. of Ev. 276.) The best evidence of the contents of every private writing is the writing itself, and the writing must be produced for that purpose. (2 Encyc. of Ev. 281.) "Secondary evidence of a paper, not in the possession or control of the party offering it, is not authorized by the mere fact that the party against whom the secondary evidence is offered has possession or control of the primary evidence, but notice to such party to produce the primary evidence must first be given." (2 Encyc. of Ev. 352; *Wright v. Raftree*, 181 Ill. 464; *Holbrook v. Trustees of Schools*, 22 Ill. 539; *International Text Book Co. v. Mackhorn*, 158 Ill. App. 543.) Section 9 of chapter 51 of the Statutes of Illinois (J. & A. ¶ 5526) (Evidence Act) provides that courts shall have power, in any action before them, upon motion and good and sufficient cause shown and reasonable notice thereof, to require the parties, or either of them, to produce books or writings in their possession or power which contain evidence pertinent to the issue. A failure to produce papers after notice will justify the admission of secondary evidence. No attempt was made to secure the primary and best evidence. The witness only testified to his conclusions and not to facts. He did not even testify that a claim in writing was filed or how, where or with whom it was filed further than to say a claim was filed with defendant carrier. The objection, being specific and pointing out that it was not the best evidence, should have been sustained.

It is insisted by appellee that the federal statutes exempt claims for loss of grain from a shipment, from the requirement contained in the bill of lading, that "claims for loss, damage or delay must be made to the carrier in writing * * * within four months after delivery of the property," or, in case of failure to de-

liver, within four months after a reasonable time for delivery has elapsed. Suits for loss of and for damages to freight in transit in interstate commerce are exclusively controlled by the Interstate Commerce Act and the amendments thereto, known as the Carmack Amendment enacted in 1906, and the Cummins Amendment to the Carmack Amendment adopted in 1915 (U. S. Stat. 1915, page 1196; *Adams Exp. Co. v. Croninger,* 226 U. S. 491; *Gamble-Robinson Commission Co. v. Union Pac. R. Co.,* 262 Ill. 400.) The Cummins Amendment provides that the receiving carrier shall issue a bill of lading and shall be liable for any loss, damage or injury to such property caused by any common carrier to whom such property shall be delivered, or over whose line said property shall pass, and no contract, receipt, rule, regulation or other limitation shall exempt such carrier from the liability hereby imposed, and such carrier shall be liable to the holder of the bill of lading or any party entitled to recover thereon for the full actual loss, damages or injury to such property, notwithstanding any limitation of liability or of amount of recovery or representation or agreement as to value in such bill of lading: "*Provided,* That nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under the existing law: *Provided further,* That it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days, and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: *Provided, however,* That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

In *Conover v. Wabash Railroad, supra,* this court recently held that the last proviso of the Cummins Amendment exempted damages caused by delay in transit resulting in deterioration from the requirement of written notice of claim as a condition precedent to recovery.

In this case an additional question is presented: Whether that amendment exempts damages resulting from loss of grain from a car from the requirement provided for in the bill of lading that the carrier shall not be liable for loss, damage or delay unless claim shall be made to the carrier within four months after delivery, etc.

Loss of grain from a car cannot reasonably be included in the exemption of "loss, damage or injury * * * due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence." It was necessary to prove that a claim in writing was made to the carrier, either at the point of delivery or at the point of origin of the shipment, within four months.

It is also argued that the court erred in not giving the jury some instructions for their guidance in assessing damages. It is the practice in this State for counsel for the respective parties to prepare such instructions pertinent to the issue as they desire given. If counsel for appellant had prepared and presented a proper instruction, the court would undoubtedly have given it. We see no reason why counsel should criticize the court and opposing counsel for not doing what they might or should have done. The proposition advanced by them is novel, but we know of no authority requiring either the court or opposing counsel to prepare and give instructions as to the law of the case.

Because of the error in admitting secondary evidence of filing notice of claim, the judgment is reversed and the cause remanded.

*Reversed and remanded.*