526    APPELLATE COURTS OF ILLINOIS.

Alexander H. Revell & Co. v. C. H. Morgan Gro. Co., 214 Ill. App. 526.

## Alexander H. Revell & Company, Plaintiff in Error, v. C. H. Morgan Grocery Company, Defendant in Error.

### Gen. No. 24,394.

1. CONTRACTS, § 206a*—*rights of third person for whose benefit contract was made.* Where a contract is entered into by two parties for the benefit of a third, the third party's rights are subject to the equities between the original parties.

2. CONTRACTS, § 349*—*when third person for whose benefit contract was made cannot recover.* Where a grocery company had entered into a contract with a contractor to furnish, do work and install fixtures in one of the company's stores, and the contractor purchased the fixtures from a third party, and where, after the work had been found unsatisfactory, the grocery company and the contractor made a written agreement regarding the completion of all work in consideration of the grocery company paying a stated balance, which included the amount due to such third party from the contractor, such third party could not recover from the grocery company the amount due it from such contractor, where the contract was not carried out by the contractor.

TAYLOR, J., dissenting.

Error to the Municipal Court of Chicago; the Hon. HARRY P. DO-LAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed July 2, 1919.

EDWY LOGAN REEVES and ERNEST KASISCHKE, for plaintiff in error; ERNEST KASISCHKE, of counsel.

ALLEN, WHIPPLE & WARD and JAMES A. O'CALLA-GHAN, for defendant in error; S. M. MYERS and LESLIE A. GILMORE, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit in the Municipal Court of Chicago against the defendant, and in its final state-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment of claim sought to recover $671.80. There was a finding and judgment in favor of the defendant, to reverse which this appeal is prosecuted.

So far as it is necessary to state them, the facts are these: The defendant, C. H. Morgan Grocery Company, entered into a contract with one William Lidke, whereby he was to perform certain work and furnish and install certain fixtures in one of defendant's stores. Lidke proceeded with the work and purchased the fixtures from plaintiff and installed them in the store. The work was not done by Lidke satisfactorily to the defendant, and on May 22nd they entered into a written agreement which plaintiff makes the basis of its claim in this suit. The contract provided: "As per our recent agreement regarding the completion of all work as per contract with you, I will do as follows: (Item specified.) In return you are to pay the balance of Eleven Hundred ($1,100) Dollars due me in full, as follows: To Alexander H. Revell & Co., the sum of $671.80," etc. Lidke did not do any part of the work which he agreed to do. Afterwards plaintiff brought this suit to recover the $671.80.

Plaintiff's position, as we understand it, is that Lidke's promise to do the work was the consideration for the defendant's promise to Lidke to pay the $671.80 to plaintiff, and that plaintiff may maintain an action on the defendant's promise, although Lidke did not fulfil his part of the contract by doing the work specified. In support of this contention the cases of *Gage v. Lewis*, 68 Ill. 604; *Newton v. Clarke*, 138 Ill. App. 196; *Western Pine Lumber Co. v. Nelson*, 189 Ill. App. 41, and *Cohn v. Cohen*, 204 Ill. App. 405, are cited.

Whatever may be said as to what those cases hold, we think they are inapplicable here. In the instant case, the promise to the defendant to pay the money to plaintiff was upon condition that Lidke would perform certain work. This condition, it is conceded, was not carried out by Lidke. It would be a strange rule

of law that would permit the plaintiff to recover in this case. Plaintiff admits,. as of course it must since the contract on which liability is claimed is in writing, that Lidke was to do certain work for the defendant, and in consideration defendant was to pay plaintiff the amount specified, and it is admitted that Lidke did not do any part of the work, and yet in the face of this admission plaintiff maintains that it is entitled to the $671.80. It is obvious that this contention is against all sense of justice and fair dealing—contrary to common sense. Of course Lidke could not recover without performing the work. *Davis v. Wiley,* 4 Ill. 234; *Hungate v. Rankin,* 20 Ill. 639; *McCormick Harvesting Machine Co. v. Haug,* 88 Ill. App. 674; *International Text-Book Co. v. Mackhorn,* 158 Ill. App. 543. And all the authorities hold that where a contract is entered into by two parties for the benefit of a third, the third party's rights are subject to the equities between the original parties. *Dunning v. Leavitt,* 85 N. Y. 30; *Malanaphy v. Fuller & Johnson Mfg. Co.,* 125 Iowa 719; *Ellis v. Harrison,* 104 Mo. 270; *Hargadine-McKittrick Dry Goods Co. v. Swofford Bros. Dry Goods Co.,* 65 Kan. 572; *Fish v. First Nat. Bank of Seattle,* 150 Fed. 524; *Trimble v. Strother,* 25 Ohio St. 378; *Commercial Nat. Bank v. Kirkwood,* 172 Ill. 563.

In speaking of such a contract in the *Dunning* case, *supra,* the court said (35): "There is no justice in holding that an action on such a promise is not subject to the equities between the original parties springing out of the transaction or contract between them. * * * It would be contrary to justice and good sense to hold that one who comes in by what Judge Allen, in *Vrooman v. Turner* [69 N. Y. 280], calls 'the privity of substitution,' should acquire a better right against the promisor than the promisee himself had."

To the same effect is the *Malanaphy* case, *supra,* where the court said: "Among other limitations, the

party to be benefited becomes subject to all inherent equities arising out of the contract affecting the principal parties one with the other. This follows from the relation of privity which the law implies.''

In the *Ellis* case, *supra,* it was said: ''It is clear that on principle such right cannot be broader than the party to the contract (through whom the right of action is derived) would have in the event of its breach. * * * Such beneficiary cannot acquire a better standing to enforce the agreement than that occupied by the contracting parties themselves.''

The judgment of the Municipal Court of Chicago is affirmed.

*Affirmed.*

MR. JUSTICE TAYLOR dissenting.

Lidke having done certain work for and furnished certain materials to the defendant, they got into a controversy, the defendant claiming that some portions of the work were not properly done, Lidke claiming otherwise. There was due the latter at that time, according to his claim, about $1,100. To settle that controversy, amicably between them, they met, and on May 22, 1916, entered into the written contract which is in question in the instant case. By that contract Lidke makes a promise to do certain work and to waive payment for certain extra labor and material and the defendant promises to pay the plaintiff $671.80 and to each of four other parties a certain sum. Nothing was to be paid Lidke, himself. It was a bilateral contract made up of their mutual promises, those promises being, according to the law of contract, sufficient consideration for each other. The contract, as soon as signed, created mutual obligations, one of which was to pay the plaintiff $671.80. That promise, according to the writing, was unconditional; it was not provided that it should be paid at some future time or dependent in any way upon Lidke's future conduct.

The consideration of the promise of the defendant to Revell was not the doing of the work by Lidke, but Lidke's promise to do that work. In the eyes of the law, a very different thing. The moment the binding written contract was made and the obligations of the defendant and Lidke fixed and specified, the defendant became bound, unconditionally, to pay Revell, the plaintiff. He had so promised; that was unalterable either by him or Lidke. Though the consideration for it moved from Lidke, being Lidke's promise to do certain things, it, nevertheless, was as binding upon the defendant as though the plaintiff, himself, had furnished certain materials as a consideration for the defendant's promise. Being a binding promise upon the defendant, the plaintiff had a right to sue to have it carried out. If it be admitted, as the opinion of the majority imports, that the contract was binding at the time it was executed and made and gave rise to the obligations it recites, it follows, as the writing mentions no condition, that the plaintiff was entitled at once to the sum promised him. If the promise to pay the plaintiff had been qualified, as, for example, to pay on a certain date, or when Lidke gets so far along in the fulfillment of his obligations, or when Lidke had done all he promised to do, then the plaintiff might not sue until the specified condition was fulfilled. But, the written promise is unqualified and the writing alone contains the contract.

The expression, "In return you are to pay the balance of Eleven Hundred ($1,100) Dollars due me in full," etc., which words were ratified by the defendant's written acceptance, constitutes an unqualified admission by the defendant that he then owed, and also a promise at once to pay, the five amounts therein specified. The phrase "due me" is in the present tense. Lidke had claimed that his original undertaking had been completed and that the balance due him was $1,100. That was the situation when Lidke and the

defendant started in to make the settlement-contract of May 22, 1916. Then, in order to end their disagreement Lidke promised to do certain work and waive a claim for extras, and the defendant, in return for and in consideration of that promise, promised to pay "To Alexander H. Revell & Co., the sum of $671.80," and also, four other smaller amounts, and admitted, by the same writing, that the total of those amounts, $1,100, was then due. His admission and his promise to pay are both unqualified. Of course, he stultifies himself when, in the face of the admission and promise, he claims that he ought not to pay the plaintiff. Having both admitted the amount and promised for a good consideration and without mention of time or condition, it is binding. When a written promise, to pay an express amount to a definite person, for a good consideration and without condition, is made, it ripens into an immediate legal obligation. The matter here, however, is purely one of fact. The defendant stated over his own signature, as Lidke has promised to do certain work and waive a certain claim, I promise to pay to the plaintiff, and four others, certain express amounts, which I admit are now in the aggregate due you. Such being the written contract, what ground is there for claiming that liability to Revell, the plaintiff, must wait on what Lidke may or may not do in the future. To hold that the defendant's promise to the plaintiff was dependent upon the future acts of Lidke is to make a brand new contract. The contract is in writing, but, whence the condition? It is admitted in the majority opinion that the promise of the defendant was binding, but, how, if he may attach an arbitrary unwritten condition? If he may do that, then it is not the law in this State that a promise made to a third person upon a good consideration is binding and may be sued upon. As not a single apt case has been cited—the facts here being different—I am of

the opinion that the plain meaning of the written contract should control and that there should not be interjected some condition, which the parties cannot be said to have had in mind, and of which there is not a single syllable of evidence.