## GAMBLE-ROBINSON COMMISSION COMPANY v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

July 19, 1912.

Nos. 17,668—(198).

**Waiver of notice — finding not sustained by evidence.**

The bill of lading, under and pursuant to which certain apples were shipped over defendant's road, provided for a notice of any claim for injury or damage to the property to be served upon the company within four months. No such notice was served, and the trial court found as a fact that defendant waived the same. It is *held* that the evidence does not sustain the finding.

**Same.**

A waiver of such a notice cannot be predicated upon a mere denial of liability when the claim is presented.

Action in the municipal court of Minneapolis to recover $414.79 damages to a carload of apples, caused by negligent delay in shipment. The answer admitted that defendant received a carload of apples for transportation to Aitkin; alleged that the car was received from a connecting carrier, the Minneapolis & St. Louis Railway Company, and that defendant promptly and carefully transported the apples to their destination; denied that the apples while in defendant's possession and under its control became frozen or that they were in any way damaged. The case was tried before Charles L. Smith, J., who made findings and as conclusions of law ordered judgment in favor of plain-

[1] Reported in 137 N. W. 19.

iff for $470.44. From the judgment entered pursuant to the findings, defendant appealed. Reversed and new trial granted.

*C. W. Bunn* and *D. F. Lyons,* for appellant.

*H. R. Hewitt;* for respondent.

BROWN, J .

Action to recover damages for injuries to a car of apples shipped over defendant's road from Minneapolis to Aitkin, this state, which plaintiff alleges were frozen in transit by reason of the negligent delay of defendant in forwarding the same. The action was tried below without a jury, and judgment awarded to plaintiff, from which defendant appealed.

It appears from the record and findings of the trial court that the apples were shipped under and pursuant to a contract as embodied in the bill of lading issued by defendant and delivered to plaintiff at the time. The bill of lading contained the following provision:

"Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed."

The apples were delivered to defendant on November 13, 1909, and arrived at Aitkin, the point of destination, on the sixteenth, and were then delivered to plaintiff. It is claimed that the apples were in good condition when delivered to defendant, but frozen when they reached Aitkin, and that the cause of the freezing was the negligent delay in the movement of the car. Yet no claim of the kind was presented to defendant, in writing or otherwise, until the lapse of seven and one-half months after the arrival of the apples at Aitkin. The trial court expressly found that plaintiff failed to comply with the conditions of the contract in this respect, but further found that defendant waived the same. The finding of a waiver is assigned as error, and whether the court erred in so finding presents the only question in the case.

The only notice plaintiff ever gave of its claim, so far as shown by the record, was in the form of a letter written by its attorneys

to the defendant's claim agent on July 1, 1910. This letter made reference to the shipment of the apples, stated that they were damaged by freezing by reason of defendant's delay in the movement of the car, and requested a settlement of the claim. The letter was not replied to by the claim agent, and on July 21 the attorneys again wrote, calling attention to the former letter and the failure of the agent to reply, and again requested that the matter receive his attention. In response the claim agent wrote the attorneys on July 30, 1910, the following letter:

"In reply to your letter of 21st, I return papers submitted in support of your claim 5556 with advice that, if your clients have explained to you the conditions and facts as they really exist, you know there is no liability with this company, and we cannot entertain the claim."

The matter rested here until December 7, 1910, when the attorneys again wrote the claim agent, asking for an explanation of his letter of July 30, quoted above, to which the agent replied on December 9, the following:

"Replying to your letter of the 7th inst. your file 5556, would advise that we find there is no liability with this company."

This constitutes all the evidence bearing directly or indirectly upon the question of the waiver, and we hold it insufficient to support the findings of the court below.

In determining what acts or conduct on the part of a person entitled to notice of claim, under a contract stipulation like that here in question, will constitute a waiver of the notice, a distinction is to be observed between those cases where the alleged waiver occurred before the expiration of the time fixed by the contract for the service of the notice and those cases where the acts and conduct relied upon occurred after that date. Acts and conduct occurring at a time when the notice could properly be served, having a tendency to lead to the belief that formal notice will not be insisted upon, or which are inconsistent with an intention to rely upon a compliance with the contract in that respect, constitute a waiver which, on the theory of equitable estoppel, the party will not be permitted to repudiate. But where, as in the case at bar, the conduct relied upon as a waiver occurs after the expiration of the time limited for

the notice, the situation is entirely different. The failure to give the required notice vests in the party entitled to it a complete defense to an action upon the asserted claim, and the conduct relied upon as a waiver of the defense should with reasonable certainty justify the conclusion that it was intentionally waived, or be so inconsistent with an intention to insist upon the defense that the conclusion of waiver would follow as a matter of law. A waiver might arise as a matter of implication, depending upon the facts in a particular case, where the party entitled to notice, subsequently to the time when it should have been given, voluntarily enters into negotiations for the settlement of the claim, makes an offer of compromise, or from other conduct clearly recognizing the existence of the claim on its merits.

The evidence in the case at bar presents no such case. The liability of the company was expressly repudiated in both the letters relied upon as showing a waiver, and the company declined to entertain the claim. There were no negotiations looking to a settlement, and the action of the claim agent amounted, at most, to a denial of liability on the part of his company. This assertion of nonliability was well founded in fact, for plaintiff had lost its right by failing to give the requisite notice. For aught that appears, that fact may have been the basis for the refusal of the agent to consider the claim. It seems clear that the waiver of a vested defense cannot be predicated upon conduct such as here presented, amounting to nothing more than a denial of liability. Parsons, Rich & Co. v. Lane, 97 Minn. 98, 106 N. W. 485, 7 An. Cas. 1144. The case of Banks v. Pennsylvania R. Co. 111 Minn. 48, 126 N. W. 410, is not in point. In that case it appeared that the claim, made long after the time fixed therefor by the contract, was taken up by the defendant, considered upon its merits, and rejected, on the ground that the facts did not show liability.

It follows that the court below erred in finding a waiver of the conditions of the contract requiring notice of the claim to be presented within four months, and there must be a new trial. The contention of plaintiff that the shipment was not in fact made under the terms of the bill of lading, but under an oral arrangement, is not covered by the findings, and is not, therefore, considered.

Judgment reversed, and new trial granted.