# ELIAS SHAMA v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

March 5, 1915.

Nos. 19,031—(252).

**Bill of lading — time of filing claim — waiver.**

> The bill of lading under which certain merchandise was shipped by plaintiff over defendant's road provided that claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Part of the merchandise was lost while in possession of the carrier. It is *held:*
>
> (1) The evidence conclusively showed that defendant waived strict compliance with this provision of the bill of lading.
>
> (2) The issue of waiver was litigated by consent.
>
> (3) There was no prejudicial error in the admission of evidence or in the charge.

Action in the municipal court of Mankato to recover $215 for failure to deliver a box of dry goods shipped over defendant's road. The case was tried before Comstock, J., and a jury which returned a verdict in favor of plaintiff for $106.60. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*F. W. Root, N. J. Wilcox* and *C. J. Laurisch,* for appellant.

*C. O. Dailey,* for respondent.

Bunn, J.

On May 31, 1912, plaintiff delivered to defendant, at Webster, South Dakota, seven boxes of merchandise to be shipped to plaintiff at Roscoe in the same state. One box was missing when plaintiff called for the goods at Roscoe in September, 1912, and this fact was noted on a written statement given plaintiff at the time by

1 Reported in 151 N. W. 406.

the agent at Roscoe, who then and again two weeks later asked for time in which to investigate. Some time between November, 1912, and February, 1913, plaintiff called upon defendant's agent at Mankato, Minnesota, where plaintiff resided and from where the goods were originally shipped, and presented the bill of lading, the Roscoe agent's notation that the box was short, and an itemized statement of the contents of the missing box. These papers were received by the Mankato agent. Nothing further seems to have been done until November 13, 1913, when plaintiff's attorney wrote to the general freight claim agent of the defendant in regard to the claim. The reply was that the company had investigated the case thoroughly, but had been unable so far to obtain satisfactory proof of the loading of the shipment, and promised to give the claim further consideration if there was furnished an affidavit of the shipper as to the shipment and a certified copy of the original invoice for the goods.

The action was brought in December, 1913, to recover the value of the goods contained in the lost box. There was a verdict for plaintiff and defendant appealed from an order denying its motion for judgment *non obstante* or for a new trial.

There was no dispute that the box of merchandise was lost while in defendant's charge and no doubt of its liability to plaintiff, except for the defense that a claim for the loss was not made to the carrier in the manner or within the time specified in the bill of lading. The condition in that regard was as follows:

"Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable."

Technically plaintiff did not comply with this condition of his bill of lading, in that the claim was not made in writing to the agent at Roscoe or the agent at Webster. But a claim was made verbally to the agent at Roscoe, who acknowledged the loss and asked for time to look it up. A claim was made in writing to the

agent at Mankato within "four months after a reasonable time for delivery had elapsed." No request was made by the agent for any different form of claim or any other manner of presentation. The object of this provision in the contract of shipment is to enable the carrier to intelligently investigate the merits of a claim while the evidence is accessible. Banks v. Pennsylvania R. Co. 111 Minn. 48, 126 N. W. 410. The carrier in this case had full knowledge of the plaintiff's claim within the time limited by the bill of lading. We think that a waiver of strict compliance with the contract as to the time, manner and place of presenting a claim for the loss was conclusively shown. It appears from the admission in writing of the agent at Roscoe that the box was missing, his request for time to investigate, the reception without objection by the Mankato agent of the itemized list of the goods and the other papers in regard to the claim, and the letter of defendant's claim agent. This letter was not in itself a waiver, but it indicated quite conclusively that the company had investigated the claim on its merits, not relying on any failure to present the claim within the proper time, in the proper manner or to the proper agent. We find no difficulty in holding that defendant intended to relinquish the right it had to insist on strict performance by plaintiff of the conditions in this regard, or that plaintiff was deceived into believing and acted on the belief that defendant had abandoned this right. There is nothing in Gamble-Robinson Commission Co. v. Northern Pacific Ry. Co. 119 Minn. 40, 137 N. W. 19, inconsistent with this conclusion. On the contrary that case supports the view that there was a waiver here. So does Banks v. Pennsylvania R. Co. supra.

The point is made that a waiver was not pleaded. This is true, as the answer alleged the breach of the condition in the bill of lading and the reply was a general denial. But this issue was, we think, litigated by consent. The evidence to show a waiver was not objected to upon the specific ground that a waiver was not pleaded.

We find no reversible error in the rulings on the admission of evidence or in the charge.

Order affirmed.