CARBIC MANUFACTURING COMPANY v. WESTERN EXPRESS COMPANY.[1]

July 15, 1921.

No. 22,348.

**Carrier — interstate shipment — no waiver of notice of loss.**
1. Where a carrier has filed a form of bill of lading for interstate shipments with the Interstate Commerce Commission and such form has been approved by the commission, a provision therein, to the effect that no claim for loss or damage can be enforced unless notice of such claim was given in writing within the time prescribed therein, cannot be waived by the carrier.

**Oral notice not a compliance with requirement.**
2. An oral notice that the shipment has been lost followed by a "tracer" sent out by the carrier in an attempt to locate it is not a compliance with such provision.

Action in the district court for St. Louis county to recover $1,100 for the loss of 25 carbic lights by defendant. The answer alleged that under the terms of the bill of lading claims for loss must be made in writing to the originating or delivering carrier within four months and that no such claim having been made defendant was released from all

[1]Reported in 184 N. W. 35.

liability of any sort. The case was tried before Dancer, J., who made findings and dismissed the action on the merits. From the judgment dismissing the action, plaintiff appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*Fryberger, Fulton, Hoshour & Ziesmer,* for respondent.

TAYLOR, C.

Plaintiff appeals from a judgment for defendant. Plaintiff sued for the value of 25 carbic lights delivered to defendant at Duluth, Minnesota, to be transported to Dover, New Jersey, which were lost in transit and never delivered. The shipment was made under a bill of lading known as the uniform express receipt which provided that, as a condition precedent to recovery, claims for loss or damage "must be made in writing to the originating or delivering carrier within four months after delivery of the property or, in case of failure to make delivery, within four months after a reasonable time for delivery has elapsed."

This form of receipt had been filed with, and approved by, the interstate commerce commission in connection with defendant's tariff rates.

Only two questions are presented: (1) Can defendant waive the provision of the contract which made the presentation of a claim in writing within the stipulated time a condition precedent to the right to maintain the action? (2) Has plaintiff complied with this provision in substance?

1. It is conceded that defendant, by its conduct, has waived the requirement in question if it had power to waive such a requirement.

The shipment was in interstate commerce. That interstate commerce is now governed exclusively by the Federal statutes and "by the common law principles accepted and enforced by the Federal courts" has become too thoroughly established to require the citation of authorities. Consequently we must look to, and follow, the decisions of the Federal courts insofar as they have determined the questions which arise in respect to such commerce.

The case of A. J. Phillips Co. v. Grand Trunk W. Ry. Co. 236 U. S. 662, 35 Sup. Ct. 444, 59 L. ed. 774, did not involve the precise question here presented, but the question whether a carrier could waive a provision of the statute limiting the time within which an action could be brought against it. The court said [p. 667]:

"To permit a railroad company to plead the statute of limitation as against some and to waive it as against others would be to prefer some and discriminate against others in violation of the terms of the Commerce Act which forbids all devices by which such results may be accomplished. The prohibitions of the statute against unjust discrimination relate not only to inequality of charges and inequality of facilities, but also to the giving of preferences by means of consent judgments or the waiver of defenses open to the carrier. The railroad company therefore was bound to claim the benefit of the statute here."

In Georgia, F. & A. Ry. Co. v. Blish Milling Co. 241 U. S. 190, 36 Sup. Ct. 541, 60 L. ed. 948, the milling company sued the terminal carrier for a quantity of flour damaged in transit and refused by the consignee. The carrier asserted as a defense that the milling company had failed to file a claim in writing within four months as required by the bill of lading. The court said [pp. 196, 197]:

"The provision in question is not to be construed in one way with respect to the initial carrier and in another with respect to the connecting or terminal carrier. As we have said, the latter takes the goods under the bill of lading issued by the initial carrier, and its obligations are measured by its terms * * * The parties could not waive the terms of the contract under which the shipment was made pursuant to the Federal Act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. A different view would antagonize the plain policy of the Act and open the door to the very abuses at which the Act was aimed." (Citing cases) "We are not concerned in the present case with any question save as to the applicability of the provision and its validity, and as we find it to be both applicable and valid, effect must be given to it."

The court held, however, that the requirement had been complied with in substance in that case.

St. Louis, I. M. & S. Ry. Co. v. Starbird, 243 U. S. 592, 37 Sup. Ct. 462, 61 L. ed. 917, was a suit for damages to a shipment of peaches in

which notice of the claim had not been given in writing within the stipulated time. The court, after considering prior cases and remarking that a notice in writing "puts in permanent form the evidence of an intention to claim damages" and enables the carrier to make such investigation as the case requires, said [p. 606] :

"We find nothing unreasonable in the stipulation concerning notice, and there was no attempt made to comply with it. We therefore think the Supreme Court of Arkansas erred in holding that verbal notice to the dockmaster of the condition of the peaches was a compliance with the terms of the contract."

In Missouri, K. & T. Ry. Co. of Texas v. Ward, 244 U. S. 383, 37 Sup. Ct. 617, 61 L. ed. 1213, the initial carrier issued a through bill of lading for a shipment of livestock. A connecting carrier, on receiving the shipment, issued a second bill of lading containing different terms, and sought to defend the action on the ground that the shipper had failed to comply with the terms of the second bill of lading. After holding that "the bill of lading required to be issued by the initial carrier upon an interstate shipment governs the entire transportation," and that the issuance of the second bill of lading was of no effect, the court said [p. 388] :

"The Railway Companies also contend that the acceptance of the second bill of lading operated as a waiver of all rights thereafter accruing under the first. The record discloses no evidence of intention to make such a waiver and there was no consideration for it. Furthermore, as stated in Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co. 241 U. S. 190, 197, 60 L. ed. 948, 952, the parties could not waive the terms of the contract under which the shipment was made pursuant to the Federal Act. * * * A different view would antagonize the plain policy of the act and open the door to the very abuses at which the Act was aimed."

Southern Pacific Co. v. Stewart, 248 U. S. 446, 39 Sup. Ct. 139, 63 L. ed. 350, was an action to recover damages for injuries to cattle in

which the shipper had failed to give a written notice within the prescribed time, but alleged and sought to prove that the carrier had waived this requirement. The trial court submitted the question of waiver to the jury which found in favor of the shipper. The court said [p. 449]:

"Considering the principles and conclusions approved by our opinions in St. Louis, Iron Mountain & Southern Ry. Co. v. Starbird, 243 U. S. 592, [61 L. ed. 917] and Erie R. R. Co. v. Stone, 244 U. S. 332, [61 L. ed. 1173] (announced since the judgment below) and the cases therein cited, no extended discussion is necessary to show that upon the facts here disclosed the stipulation between the parties as to notice in writing within ten days of any claim for damages was valid. And we also think those opinions make it clear that the circumstances relied upon by the shipper are inadequate to show a waiver by the carrier of written notice as required by the contract. The trial court erred in giving to the jury the instruction quoted above; and it should have granted the carrier's request for a directed verdict."

Baltimore & O. R. Co. v. Leach, 249 U. S. 217, 39 Sup. Ct. 254, 63 L. ed. 570, was an action for damages to cattle, in which the carrier alleged that the shipper had failed to serve a written notice of claim within the prescribed time. The court said [p. 218]:

"This averment was not denied; but the shipper replied that he promptly advised the railroad's agent at Georgetown of all essential facts and maintained that requirement in respect of written notice to general freight agent had been waived.

"The point involved has been discussed in our recent opinions and we can find nothing which takes this case out of the rule requiring compliance with a provision in a bill of lading like the one above quoted."

In Texas & P. Ry. Co. v. Leatherwood, 250 U. S. 478, 39 Sup. Ct. 517, 63 L. ed. 1096, the initial carrier issued a thorough bill of lading for a shipment of horses which contained a provision barring any action for damages unless brought within six months. Two of the connecting

carriers before accepting the shipment required the shipper to accept and sign new bills of lading. These bills of lading did not contain the above limitation. More than a year thereafter the shipper brought suit against the two carriers who had issued the new bills of lading for injuries to the horses while in transit. The carriers interposed as a defense that the action was barred by the stipulation in the original bill of lading. The court, after referring to the ruling in Missouri, K. & T. R. Co. v. Ward, supra, in respect to a second bill of lading said [p. 480]:

"We held that the second bill of lading was void, since under the Carmack Amendment the several carriers must be treated, not as independent contracting parties, but as one system; and that the connecting lines become in effect mere agents whose duty it is to forward the goods under the terms of the contract made by their principal, the initial carrier, and that they are prevented by law from varying the terms of that contract. * * * As stated in Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co. 241 U. S. 190, 197, [60 L. ed. 948, 952] the parties to a bill of lading cannot waive its terms, nor can the carrier by its conduct give the shipper the right to ignore them. 'A different view would antagonize the plain policy of the Act and open the door to the very abuses at which the Act was aimed.' The bill of lading given by the initial carrier embodies the contract for transportation from point of origin to destination; and its terms in respect to conditions of liability are binding upon the shipper and upon all connecting carriers, just as a rate properly filed by the initial carrier is binding upon them. Each has in effect the force of a statute, of which all affected must take notice. That a carrier cannot be prevented by estoppel or otherwise from taking advantage of the lawful rate properly filed under the Interstate Commerce Act is well settled."

Erie Railway Co. v. Shuart, 250 U. S. 465, 39 Sup. Ct. 519, 63 L. ed. 1088, was a suit for injuries to a shipment of horses in which the shipper had failed to give a written notice as required by the contract. The court said [p. 467]:

"Under our former opinions, the clause requiring presentation of a

written claim is clearly valid and controlling as to any liability arising from beginning to end of the transportation contracted for."

In Olson v. Chicago, B. & Q. R. Co. 250 Fed. 372, 162 C.C.A. 442, the circuit court of appeals for this circuit has adopted and applied the same rule. And this rule was also recognized by the circuit court of appeals of the Ninth circuit in Kidwell v. Oregon Short Line R. Co. 208 Fed. 1, 125 C.C.A. 313.

We think the Federal Supreme Court has made it clear that a provision in the bill of lading requiring notice in writing within a stipulated time of claims for loss or damage, as a condition precedent to the right to enforce such claims, cannot be waived by the parties nor by any act or conduct of the carrier. Plaintiff urges that this rule should be applied only where the carrier offers the shipper an election between different rates which give him different rights, but, as we understand the Federal decisions, they do not limit the rule to such cases, but apply it in all cases.

The rule thus announced is not the rule heretofore followed by this court, as shown by Banks v. Pennsylvania R. Co. 111 Minn. 48, 126 N. W. 410; Gamble-Robinson Co. v. Northern Pac. Ry. Co. 119 Minn. 40, 137 N. W. 19; Shama y. Chicago, M. & St. P. Ry. Co. 128 Minn. 522, 151 N. W. 406, and other cases, but we feel constrained to adopt and follow it as the rule enforced by the Federal courts in respect to shipments in interstate commerce.

That the courts, generally, have taken this view of the meaning and effect of the Federal cases is shown by the numerous decisions which have adopted and applied the rule. The following are examples: Metz Co. v. Boston & M. R. 227 Mass. 307, 116 N. E. 475; Houston E. & W. T. Ry. Co. v. Houston Packing Co. (Tex. Civ. App.) 203 S. W. 1140; Missouri, K. & T. Ry. Co. v. Lynn, 62 Okl. 17, 161 Pac. 1050; Wall v. Northern Pac. Ry. Co. 53 Mont. 81, 161 Pac. 518; Louisville & N. Ry. Co. v. Johnson, 182 Ky. 418, 206 S. W. 638; Abell v. Atchison, T. &. S. F. Ry. Co. 100 Kan. 238, 164 Pac. 269, L.R.A. 1918E, 782; Dean v. Southern Ry. Co. 107 S. C. 25, 91 S. E. 1042; Bryan v. Louisville & N. R. Co. 174 N. C. 177, 93 S. E. 750, L.R.A. 1918A, 938; Southern Ry. Co. v. Lewis & Adcock Co. 139 Tenn. 37, 201 S. W.

131, L.R.A. 1918C, 976; Cudahy Packing Co. v. Atchison, T. & S. F. Ry. Co. 198 Mo. App. 520, 201 S. W. 623.

2. Plaintiff contends, but apparently without any great degree of confidence, that it had complied with the requirement of the contract in substance. This contention rests on the fact that a little less than five months after making the shipment plaintiff telephoned to defendant's office at Duluth that the shipment had been lost and requested that a "tracer" be sent out, and the further fact that defendant prepared a "tracer" describing the shipment and sent it to the connecting carrier to whom the shipment had been delivered, and also sent a copy of it to plaintiff. Conceding that the notice by telephone was within four months after a reasonable time for delivery, and also conceding that it was sufficient in substance, which is doubtful, it was oral only, and the cases above cited establish beyond question that an oral notice is not sufficient where the contract requires a notice in writing. Plaintiff urges that the tracer sent out by defendant was in writing and in connection with the oral notice should be given effect as a claim for the loss. This tracer was not made or presented by plaintiff, and did not purport to assert or acknowledge a claim for compensation on the part of anyone. It was made and sent out by the carrier in an attempt to locate the shipment, and cannot be construed as in substance a compliance with the requirement that a party claiming compensation for a loss must make a claim therefor in writing within the prescribed time. Cudahy Packing Co. v. Atchison, T. & S. F. Ry. Co. 198 Mo. App. 520, 201 S. W. 623.

Our conclusions accord with those of the learned trial court and its judgment is affirmed.