## HENNINGSEN PRODUCE COMPANY v. AMERICAN RAILWAY EXPRESS COMPANY.[1]

May 19, 1922.

No. 22,842.

**Uniform express receipt — statutory notice of claim for loss in transit condition precedent to recovery.**

1. Under the Cummins Amendment of March 4, 1915, 38 St. 1196, c. 176, to the Carmack Amendment to the Interstate Commerce Act, the uniform express receipt, conforming in its provisions to the terms of the amendment and filed with the Interstate Commerce Commission, is binding upon the parties and is not the subject of waiver; and, in accordance with its provisions, in the event of a loss in transit, as distinguished from injury in loading or unloading or damage in transit, the giving of notice of claims as specified therein is a condition precedent to the right of recovery from the carrier.

**Absence of alternative rate immaterial.**

2. The effect of the limitation is not changed because the carrier offers no alternative rate as a consideration.

[1]Reported in 188 N. W. 272.

Action in the municipal court of St. Paul to recover $300 for a shipment of butter lost in transit. Defendant alleged that the shipment was made under a uniform express receipt which limited the liability of the defendant to $50 for every shipment of 100 pounds or less, unless a greater value was stated therein. The case was tried upon an agreed statement of facts before Finehout, J., who made findings and ordered judgment in favor of plaintiff for $202.11. Defendant's motion to amend the findings was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*Davis, Severance & Morgan,* for appellant.

*W. J. Horrigan,* for respondent.

DIBELL, J.

Action to recover for merchandise lost by the defendant express company in transit. There was judgment for the plaintiff for the amount of the loss. The defendant appeals.

1. The facts are not in dispute. On August 29, 1918, the plaintiff delivered to the defendant at Butte, Montana, six cubes of butter for transportation to Portland, Oregon. It was not delivered to the consignee. The cause of the loss is not shown. The Cummins Amendment of March 4, 1915, 38 St. 1196, c. 176, to the Carmack Amendment to the Interstate Commerce Act, relative to bills of lading, liability of carrier, etc., contains these provisos material to the case:

"Provided further that it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years; *Provided,* however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

The provision for notice of claim is binding on the parties, and cannot be waived.    Georgia F. & A. Ry. Co. v. Blish Milling Co. 241 U. S. 190, 36 Sup. Ct. 541, 60 L. ed. 948; St. Louis I. M. & S. Ry. Co. v. Starbird, 243 U. S. 592, 37 Sup. Ct. 462, 61 L. ed. 917; Erie R. Co. v. Shuart, 250 U. S. 465, 39 Sup. Ct. 519, 63 L. ed. 1088; Carbic Mnfg. Co. v. Western Exp. Co. 149 Minn. 467, 184 N. W. 35, where the cases are discussed.

The butter was shipped under the uniform express receipt on file with the Interstate Commerce Commission.    It required that a claim be made within four months after delivery, or in case of failure to deliver then within four months after a reasonable time for delivery had elapsed; and suits for loss or damage were limited to two years and one day after delivery of property, or in case of a failure to make delivery, then to two years and one day after a reasonable time for delivery.

A reasonable time for delivery was three days after shipment. The plaintiff did not make a claim until long after the expiration of the four months.    It now contends that it was not necessary to make a claim as a condition to recovery.    Its argument is that the merchandise was lost in transit, and by negligence, and therefore the limitation does not apply.    We are unable to take this view.    The language of the statute is plain.    It was found by the court that the butter "was lost  *   *   *  in transit and was not and has never been delivered."    There was no finding on negligence.    Even when merchandise is lost in transit by negligence the language of the Cummins Amendment does not dispense with the making of a claim. We are not cited a case entirely controlling upon this point.    E. B. Conover & Co. v. Railroad, 212 Ill. App. 29, bears upon it.    In a number of cases arising since the Cummins Amendment, where the loss was a total loss in transit, and unexplained as here, the courts have proceeded upon the theory that the limitation in the express receipt framed in accordance with the terms of the Cummins act is effective.    Carbic Mnfg. Co. v. Western Exp. Co. 149 Minn. 467, 184 N. W. 35; Kahn v. Am. Ry. Exp. Co. 88 W. Va. 17, 106 S. E. 126; Bronstein v. Payne, 138 Md. 116, 113 Atl. 648.    The provision

of the express receipt was in conformity with the Cummins Amendment.

We hold that the making of a claim within the specified time is a condition precedent to liability in case of loss in transit. And there is a reason why notice should be required of a loss in transit and not for damage in loading or unloading. See Georgia F. & A. Ry. Co. v. Blish, 241 U. S. 190, 36 Sup. Ct. 541, 60 L. ed. 948; Hunt v. Hines, 204 Mo. 318, 223 S. W. 798.

The case of Chicago R. Co. v. McCaull-Dinsmore Co. 253 U. S. 97, 40 Sup. Ct. 504, 64 L. ed. 801, is cited by the plaintiff. Here it was sought to fix liability under the Cummins Amendment fixing the liability of the carrier "for any loss, damage, or injury to such property * * * and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier * * * from the liability hereby imposed * * * for the full actual loss, damage, or injury * * * notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract," etc. This case is not in point in the controversy here. The limitation was as to the amount of the liability. The question of the limitation of the time within which a claim should be presented or suit brought was not involved.

2. There is a suggestion by the plaintiff that there was no consideration for the limitation of the time in which to file a claim or bring suit because no alternative rate was offered. The limitation was a part of the contract and is authorized by the Cummins Amendment. It is a limitation different in nature from a liability limitation. The question was decided adversely to the claim of the plaintiff in Carbic Mnfg. Co. v. Western Exp. Co. 149 Minn. 467, 184 N. W. 35, where the cases are collected. On the going down of the remittitur judgment should be for the defendant.

Judgment reversed.