I. C. SCOTT AND N. M. SCOTT, TRADING AS SCOTT BROTHERS v. AMERICAN RAILWAY EXPRESS COMPANY.

(Filed 1 April, 1925.)

1. **Commerce — Interstate Commission — Federal Statutes — Damages—Total Loss—Bills of Lading—Conditions—Contracts—Express Companies—Carriers.**

In an action brought against an express company for loss of an interstate shipment: *Held,* a total loss in transit of the consignment comes within the exception of the Federal Statute (Cummins Amendment, 4 March, 1915) "damaged in transit by carelessness or negligence," rendering it unnecessary, as a condition precedent to recovery, to file written notice within four months after a reasonable time for delivery has elapsed.

2. **Same—Torts.**

An action against an express company to recover damages for the total loss of an interstate consignment of goods lost in transit is covered by the stipulation as to the partial loss in the bill of lading, sounds in tort, and is cognizable in the jurisdiction of the Superior Court, when exceeding in amount that given, in cases of tort, to a justice of the peace.

3. **Same—Federal Courts—Precedents—Conflict of Decisions of Lesser Courts.**

Where a federal question is presented in an action in the State courts, within their jurisdiction, the federal law governs, but where the Supreme Court of the United States has not decided the particular question and the Federal courts of lesser jurisdiction are in conflict with each other, the State court will decide in accordance with its own opinion.

APPEAL by defendant from *Daniels, J.,* at December Term, 1924, of DUPLIN.

Civil action to recover damages for an alleged negligent loss in transit of a shipment of shoes. The following judgment was rendered in the cause:

"This cause coming on to be heard before his Honor, F. A. Daniels, at the December Term, 1924, and the parties having waived trial by jury and agreed for the court to find the facts and enter judgment accordingly, from the admissions of the parties and of the pleadings, and from the presumption of negligence arising from the admitted failure of defendant to deliver to plaintiffs the shoes mentioned in the complaint, the court makes the following findings of fact:

"(a) The action is to recover the value of 12 pairs of shoes, the complaint alleging that defendant carelessly and negligently failed to transport and deliver the shoes to plaintiffs, and carelessly and negligently lost said shoes in transit, to plaintiffs' damage in the sum of $57.00.

"(b) The defendant admits, and the court finds same as a fact, that the shoes were received and accepted by defendant on 29 September, 1920, at its office in the city of Milwaukee, Wisconsin, for transportation to plaintiffs, at Rose Hill, North Carolina; that an express receipt for the shoes was then issued by defendant to plaintiffs' vendor; that the shoes have never been delivered to plaintiffs, and that the value of the shoes was $57.00. But defendant denies negligence, and as a bar to plaintiffs' right to recover, sets up and pleads section seven of the express receipt issued to plaintiffs' vendor. That said four cases of shoes moved under a contract for shipment known as the Uniform Express Receipt, as prescribed by the Interstate Commerce Commission. Section seven of which contained the following language:

" '7. Except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as a condition precedent to recovery, claim must be made in writing to the originating or delivering carrier within four months after delivery of the property or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed; and suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed.'

"(c) Suit was instituted within two-year period mentioned in the express receipt, but the claim was not filed or made in writing within the four-months period mentioned in said express receipt, nor within four months after a reasonable time for delivery had elapsed.

"(d) The court further finds that the failure of defendant to make delivery of the shoes was negligent, and that plaintiffs were thereby damaged and sustained a loss in the sum of $57.00.

Upon the foregoing findings of fact, the court is of the opinion, and so holds, that plaintiffs' claim for the loss and nondelivery of the shoes is within the exception to the requirement for filing within four months mentioned in the express receipt; that the claim is not thereby barred, and that plaintiffs are entitled to recover of defendant the sum of $57.00, with interest thereon from 9 October, 1920."

Defendant excepts and appeals.

*Oscar B. Turner for plaintiffs.*
*Robert C. Alston, Rivers D. Johnson and Blair Foster for defendant.*

STACY, C. J. The facts are to be found in the judgment of the Superior Court, which will be reported herewith.

The case presents but a single question for decision. It is this: Are the words, "damaged in transit by carelessness or negligence," as used in the "Cummins Amendment" of 4 March, 1915, and in the contract of shipment, approved by the Interstate Commerce Commission and known as the uniform express receipt, broad enough to include, and were they intended to include, a total loss in transit occasioned by the carrier's carelessness or negligence? Or, stated differently, does a negligent loss in transit come within the exception "damaged in transit by carelessness or negligence," rendering it unnecessary, as a condition precedent to recovery, to file written notice of claim with the originating or delivering carrier within four months after a reasonable time for delivery has elapsed? We think the question must be answered in the affirmative.

It is the position of the plaintiff, and such was adopted by the court below, that these words are sufficiently comprehensive to include, and were intended to include, a total loss in transit occasioned by carelessness or negligence as well as a partial loss by damage in transit from carelessness or negligence. The defendant takes a contrary view. It says the exception applies, not to loss in transit, but to damage in transit; that loss and damage are not synonymous, and cites the following authorities as supporting, either directly or in tendency, its position: *St. Sing v. Express Co.,* 183 N. C., 405, 111 S. E., 710; *Kahn v. Express Co.,* 88 W. Va., 17, 106 S. E., 126; *Allen v. Davis,* 118 S. E. (S. C.), 614; *Lissberger v. Bush Terminal Co.,* 197 N. Y. Supp., 281; *Henningsen Produce Co. v. Express Co.,* 152 Minn., 209, 188 N. W., 272; *Farmers & Mer. Bk. of Samson v. Express Co.,      Ala.,      ,* only recently decided and not yet reported.

It is conceded that the plaintiffs' position and the judgment entered below are sanctioned by the following authorities: *Holmes & Dawson v. R. R.,* 186 N. C., 58, 118 S. E., 887; *Davis v. Lbr. Co.,* 122 S. E. (Va.), 113; *Gillette Safety Razor Co. v. Davis,* 278 Fed., 864.

Defendant contends that our decision in the *Holmes & Dawson case* is in direct conflict with the decision in the *St. Sing case,* but an examination of the two cases will disclose that the former was an action in tort based on an allegation of damage in transit by reason of the defendant's negligence, while the latter was an action for damages "suffered by breach of defendant's contract of carriage." There was no contention in the latter case that the loss or damage was occasioned by the carelessness or negligence of the defendant. The one was brought directly under the exception in question, the other without regard to it. The two cases, therefore, instead of being in conflict, are entirely consistent and quite easily distinguishable. See *Hailey v. Oregon, etc. R.*

*Co.,* 253 Fed., 569, for satisfactory reasons pointing out the difference between proceeding in a tort action and one based on contract under the statute now in question and *Barrett v. Van Pelt,* 69 L. Ed., decided 13 April, 1925.

The case at bar is one sounding in tort. If it were not, a justice's court alone would have had original jurisdiction of the action as the amount involved is only $57.00. *Machine Co. v. Burger,* 181 N. C., 241. Suit was commenced by summons issued out of the Superior Court. The finding of negligence on the part of the carrier sustains the jurisdiction and brings the case within the exception, "damaged in transit by carelessness or negligence."

The pertinent provisions of the "Cummins Amendment," approved 4 March, 1915, are as follows: *"Provided further,* that it shall be unlawful for any such common carrier to provide by rule, contract, regulation or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: *Provided, however,* that if the loss, damage or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

In the provisions of the act preceding the provisos (set out in full in *Mann v. Transportation Co.,* 176 N. C., 107) the carrier, on receiving property for an interstate shipment, is required to issue a receipt or bill of lading therefor and is made "liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier to which such property may be delivered," etc.

This being an interstate shipment, the rights and liabilities of the parties are to be determined by the federal law. *Ga., Fla. & Ala. Ry. Co. v. Blish Milling Co.,* 241 U. S., 190; *Adams Ex. Co. v. Croninger,* 226 U. S., 491. There has been no authoritative decision by the Supreme Court of the United States covering the exact point here presented. The decisions of courts of lesser jurisdiction, as above indicated, are not in harmony. In this state of the law, we must adopt that interpretation which, to us, seems more in keeping with the true intent and purpose of the law-making body and the parties to the contract of carriage. We think the judgment of the Superior Court should be upheld. *Mann v. Transportation Co., supra.*

It is suggested that there may be a valid reason for requiring notice of claim to be filed in case of total loss which does not exist in case of damage in transit by carelessness or negligence, in that the carrier has notice of the damaged condition of the goods while in its possession and at the time of delivery and might not have such notice of a total

loss of a shipment in transit. This argument would seem to be without special merit, because it is a matter of common knowledge that all carriers, issuing bills of lading and express receipts, keep records of shipments made over their lines; and, from such records, information of nondelivery is just as easily had as notice of negligent injury or damage in transit. There can be no difference in principle, as regards the duty to exercise diligence, between the loss in transit of a part or all of a shipment of goods, and damage in transit by some negligent act of the carrier, resulting in the partial or total loss of said shipment.

In the judgment rendered, we find

No error.