# CHARLESTON.

### E. KAHN, TRADING, ETC. v. AMERICAN RAILWAY EXPRESS COMPANY.

Submitted February 15, 1921.   Decided February 22, 1921.

1. COMMERCE—*Questions of Commerce Regulation Determinable Exclusively by Federal Law.*

   Questions pertaining to the validity, construction and operation of an interstate commerce regulation prescribed or approved by the Interstate Commerce Commission, under the authority conferred upon it by the Carmack Amendment of the Hepburn Act passed by the Congress of the United States, are determinable exclusively by federal law.   (p. 19).

2. CARRIERS—*Contract Requiring Claim for Loss to be Made Within Four Months After Reasonable Time for Delivery Held Valid.*

   As tested by such law, a clause in a contract of affreightment between an express company and a shipper, respecting an interstate shipment, and providing that, in case of the failure of the carrier to make delivery, a claim for loss, damage or injury must be made in writing to the originating or delivering carrier, within four months after a reasonable time for delivery has elapsed, as a condition precedent to right of recovery, is valid.   (p. 19).

3. SAME—*Requirement of Claim for Loss Within Four Months Held Applicable to Loss of Portions of Goods by Theft.*

   The limitation prescribed in such clause is applicable to a claim for the loss of a portion of a package of goods, due to abstraction and theft thereof, in transit, and consequent failure to deliver it.   (p. 20).

4. SAME—*Nondiscovery of Loss by Shipper Within Time for Making Claim Held Not to Extend Time Thereof.*

   In the absence of conduct on the part of the carrier, working hindrance, obstruction or concealment of such loss, nondiscovery thereof by the shipper within the period of the limitation, does not exclude the claim from the operation of the limitation, nor extend the time thereof.   (p. 20).

5. SAME—*Reasonableness of Time for Delivery as Determining Time for Making Claim Held Question of Law.*

   If, upon the question of reasonableness of "time for delivery" under such contract, the facts are such as afford no

ground for two 'different and intelligent opinions respecting it, the court may determine it as one of law.    (p. 20).

6.    SAME—*Carrier Held Not to Have Waived Limitation of Time for Making Claim for Loss.*

Although a carrier may waive the benefit of such a limitation by express agreement or by inconsistent conduct, a waiver thereof cannot be predicated upon conduct which neither admits liability nor denies it, upon receipt of verbal notice of the loss, after expiration of the period of limitation, and later invokes protection of the limitation, upon disclosure of actuality of the loss and the time and circumstances thereof. (p. 21).

Error to Circuit Court, Mercer County.

Action by E. Kahn against the American Railway Express Company.    Judgment    for    defendant,    and    plaintiff    brings error.

*Affirmed.*

*Russel S. Ritz,* for plaintiff in error.
*McClaugherty & Richardson,* for defendant in error.

POFFENBARGER, JUDGE:

The judgment complained of on this writ of error was rendered in favor of the defendant, on a demurrer to the plaintiff's evidence, in an action of assumpsit against a common carrier engaged in interstate transportation, for the value of goods delivered to it at Bluefield, West Virginia, for carriage to the City of New York and delivery there, and not delivered, but, on the contrary, lost by the carrier.

The goods in question were part of a consignment of furs, from the plaintiff to the firm of Kruskal and Kruskal of New York, invoiced at the sum of $1,422.50. The package was delivered to the consignee, within three days, but it contained goods of the value of only $882.50. The balance amounting to $540.00, in value, had been abstracted and stolen therefrom. The loss was not discovered, however, until about six months had elapsed from the date of the shipment. The furs were part of a lot that had been shipped to the plaintiff on consignment, with right of return of such portions thereof as should not be desired or could not be sold. Those in question were returned for credit on plaintiff's account with Kruskal and Kruskal and

they were credited as received, but receipt thereof was not acknowledged. The shipment was made October 5, 1918, and settlement was not made until about April 1, 1919. In the checking up at about that date, the shortage and loss were discovered and a demand made upon the carrier for compensation for the loss, through its local manager at Bluefield, very soon afterward. The agent neither admitted or denied the validity of the claim. He advised the claimant to ascertain all the facts relating to the matter and obtain an affidavit from the consignees. Having done so, he applied to the agent who denied liability, on the ground that the claim had not been asserted or made within the time stipulated in the contract of affreightment, four months after the lapse of a reasonable time for delivery. Avoidance of the effect of this limitation of right of recovery is attempted on the grounds of invalidity thereof; inapplicability thereof to the demand in question, if valid; and waiver thereof, if valid and applicable.

The clause in question, purporting to limit liability, reads as follows: "Except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damage in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carrier, within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed."

The shipment having been an interstate one, the issues as to the validity and applicability of the cause in question, depend altogether upon the law as declared by the federal courts. The Carmack Amendment of the Hepburn Act has withdrawn all such questions arising in interstate transportation, from the field of state law and legislation. *Robinson* v. *B. & O. R. Co.*, 64 W. Va. 406; *Mo. Kan. & Tex. Ry. Co.* v. *Harriman*, 227 U. S. 665; *Adams Express Co.* v. *Croninger*, 226 U. S. 491; *Mich. Cent. R. Co.* v. *Vreeland*, 227 U. S. 59; *Ga., Fla., & Ala. Ry. Co.* v. *Blish Milling Co.*, 241 U. S. 190.

There can be no debatable question about the validity of the stipulation, under federal law, whatever it might be under state law. It is not a limitation against liability for negligence or

other wrongful conduct. Admitting liability, it requires only reasonable diligence on the part of the claimant in the assertion thereof. Common carriage is a public function and, as such, it is regulated by statute. In the statute, power is conferred upon a commission to determine what are reasonable regulations, and that commission has approved this time limitation upon the right to assert claims for losses. The reasonableness and legal soundness of such a limitation had been affirmed before such authority was conferred upon the Interstate Commerce Commission. *Express Co.* v. *Caldwell,* 21 Wall. (U. S.), 264. Similar regulations have been judicially approved and upheld since. *Mo. Kan. & Tex. Ry. Co.* v. *Harriman,* 227 U. S. 665; *Ga,. Fla. & Ala. Ry. Co.* v. *Blish Milling Co.,* 241 U. S. 190.

The circumstances and character of the loss do not render it exceptional and the limitation inapplicable. There can be no difference in principle, as regards the duty to exercise diligence, between the loss of an entire package of goods and a part of a package, nor between loss by theft and loss in some other way, resulting in non-delivery. The terms are general and cover all instances of failure to deliver. The terms, "failure to make delivery," have been authoritatively defined as being "fully adequate in their literal and natural meaning to cover all cases where the delivery has not been made as required," Mr. Justice Hughes, in *Ga., Fla. & Ala. Ry. Co.* v. *Blish Milling Co.* cited.

Nor can the period of limitation be extended for lack of discovery of the loss. Negligence and unnecessary delay in the assertion of claims for losses in transportation are the evils against which the limitation provides. It allows reasonable time for discovery of the loss and preparation of the claim, and the claimant must avail himself of it. Otherwise, the regulation would be useless and ineffective. Inability to discover the loss in time is not claimed. That it could have been discovered immediately after the happening thereof is obvious. A letter, or telegraphic or telephonic message, of inquiry would have disclosed it in ample time.

Whether nearly sixty days is a "reasonable time for delivery," in transportation by express carrying trains, between Bluefield and New York, is a question about which there cannot be the slightest doubt. The package was delivered within three days.

That a period of one or two months suffices is so clearly manifest as to leave no room for two different and intelligent opinions. In all such cases, the function of the jury may be dispensed with and the question disposed of by the court, as one of law. *Schoonover* v. *B. & O. Ry. Co.,* 69 W. Va. 560; *Hysell* v. *Central City,* 68 W. Va. 769. Reasonableness of time for performance of an act of any kind, is governed by the general rule as to the functions of court and jury. The question is often one for the court. *Detroit Steel Products Co.* v. *Daily Telegraph Printing Co.,* 102 S. E. 139; *Craft* v. *Isham,* 13 Conn. 28; *Manufacturing Co.* v. *Brower,* 4 Jones L. (N. C.) 429.

The undisputed facts relied upon as constituting waiver by the defendant are manifestly insufficient. Its local agent neither admitted nor denied liability at any time before the rejection of the claim, for delay in presentation, about a month after the discovery of the loss. When the matter was brought to his attention, he did no more than ask for information and evidence as to actuality of the loss and its circumstances. When the information was obtained, it revealed inexcusable delay in assertion and he rejected the claim on that ground. There is no evidence of any promise at any time to adjust or pay the claim, nor any of rejection of the claim on any ground other than delay in assertion. The limitation was invoked and relied upon. There are numerous instances in which the benefit of such limitations has been waived by conduct. Michie, Carriers, sec. 1453, citing many decisions. In this case, however, there is no proof of any fact that can be deemed to have wrought a waiver.

For the reasons stated, the judgment will be affirmed.

*Affirmed.*