## FARMERS' & MERCHANTS' BANK OF SAMSON v. AMERICAN RY. EXPRESS CO.   (4 Div. 988.)

(Court of Appeals of Alabama.   Oct. 28, 1924. Rehearing Denied Dec. 16, 1924.   Reversed after Certiorari Aug. 4, 1925.   Rehearing Denied Oct. 27, 1925.)

1. Carriers ☞159(1)—Theft of part of money shipped by express is damage in transit within provisions of statute and receipt excusing filing of claim.

A theft of part of money shipped by express from Alabama to New York held to constitute "damage in transit" within U. S. Comp. St. § 8604a, and section 7 of express receipt, providing that claim for loss is not required to be filed where damage or injury complained of is due to damage in transit, and not "loss in transit," for recovery of which the filing of a written claim within four months was a condition precedent.

On Hearing After Opinion of Supreme Court on Certiorari.

2. Courts ☞91(1)—Court of Appeals bound by decisions of Supreme Court.

The Alabama Court of Appeals is bound by the decisions of the Alabama Supreme Court in view of Acts 1911, p. 100.

**3. Carriers ⊕⟝159(1)—Stipulation in express receipt requiring written notice of claim to be given within four months after delivery does not require document to be in any particular form.**

Written notice of loss, damage, or injury required by express receipt to be given within four months after delivery is not required to be in any particular form, but its object is merely to secure reasonable notice.

**4. Carriers ⊕⟝165—Requirement in receipt as to filing written notice of claim sufficiently complied with under the evidence.**

Requirement in express receipt that notice of claim for loss must be made in writing within four months after delivery *held* satisfied, where it was shown that bank promptly notified express company, through latter's duly authorized agent, of shortages in money shipments as they occurred, and it further appeared that bank submitted to express company's agent letters and affidavits from its correspondent bank to whom money shipped, showing amount of shortage and at express company's request wrote for further additional information respecting the shortages.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action by the American Railway Express Company against the Farmers' & Merchants' Bank of Samson. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Certiorari granted by the Supreme Court in Ex parte American Railway Express Co., 213 Ala. 151, 106 So. 197. ·

Section 7 of the express receipt involved is as follows:

"Except where the loss, damage or injury complained of is due to delay or damages while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within four months after the delivery of the property or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed, and suits for loss, damage or delay shall be instituted only within two years and one day after the delivery of the property or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

Section 8604a, U. S. Comp. St., is in part as follows:

"Provided further, that it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, that if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

Mulkey & Mulkey, of Geneva, for appellant.

The express company may, and did in this case, waive the manner of giving notice of claim. 27 R. C. L. 906; Gilinsky v. I. C. R. Co., 98 Neb. 858, 154 N. W. 730. Such a waiver does not amount to a discrimination; preferences which are undue and unreasonable only are prohibited. 162 U. S. 197, 16 S. Ct. 666, 40 L. Ed. 940; 209 U. S. 108, 28 S. Ct. 493, 52 L. Ed. 705; 222 U. S. 215, 32 S. Ct. 39, 56 L. Ed. 171; 250 U. S. 577, 40 S. Ct. 27, 63 L. Ed. 1151. The notice given was in substantial conformity with the contract. G. F. & A. R. Co. v. Blish Mill. Co., 241 U. S. 190, 36 S. Ct. 541, 60 L. Ed. 948. The words "loss," "damage," and "injury" are synonymous. Lawder v. Stone, 187 U. S. 281, 23 S. Ct. 79, 47 L. Ed. 178; Johnson v. A. C. L., 140 N. C. 574, 53 S. E. 362; L. & N. v. Mink, 126 Ky. 337, 103 S. W. 294.

Robert C. Alston, of Atlanta, Ga., and C. D. Carmichael, of Geneva, for appellee.

Interstate shipments are governed by the acts of Congress. Sou. Ex. Co. v. Byers, 240 U. S. 612, 36 S. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197; Nor. Pac. v. Wall, 241 U. S. 87, 36 S. Ct. 493, 60 L. Ed. 905; G. F. & A. v. Blish Mill. Co., 241 U. S. 190, 36 S. Ct. 541, 60 L. Ed. 948; C., N. O. & T. P. v. Rankin, 241 U. S. 319, 36 S. Ct. 555, 60 L. Ed. 1022, L. R. A. 1917A, 265; St. L. & S. F. v. Starbird, 243 U. S. 592, 37 S. Ct. 462, 61 L. Ed. 917. The seventh section of the receipt is valid. G. F. & A. v. Blish Mill. Co., supra; T. & P. v. Leatherwood, 250 U. S. 478, 39 S. Ct. 517, 63 L. Ed. 1096; St. L. & S. F. v. Starbird, supra. The receipt, having been delivered and accepted, constituted the contract of shipment. Am. Ry. Ex. Co. v. Lindenburg, 260 U. S. 584, 43 S. Ct. 206, 67 L. Ed. 414. There is a distinction between the words "loss" and "damage." Kahn v. Am. Ry. Ex. Co., 88 W. Va. 17, 106 S. E. 127; Henningsen Prod. Co. v. Am. Ry., 152 Minn. 209, 188 N. W. 272; St. Sing v. Am. Ry. Ex. Co., 183 N. C. 405, 111 S. E. 710. The provisions of the shipping contract cannot be waived. 1 Supp. R. C. L. 1216; Metz Co. v. Boston & Maine, 227 Mass. 307, 116 N. E. 475; 10 C. J. 340; Sou. Ry. v. Prescott, 240 U. S. 632, 36 S. Ct. 469, 60 L. Ed. 836; Nor. Pac. v. Wall, supra; C. & O. v. McLaughlin, 242 U. S. 142, 37 S. Ct. 40, 61 L. Ed. 207; M., K. & T. v. Ward, 244 U. S. 383, 37 S. Ct. 617, 61 L. Ed. 1213; Davis v. Cornwell, 264 U. S. 560, 44 S. Ct. 410, 68 L. Ed. 848; G., F. & A. v. Blish Mill. Co. supra; Davis v. Henderson, 266 U. S. 92, 45 S. Ct. 24, 69 L. Ed. 182.

BRICKEN, P. J. From time to time, the appellant bank shipped currency to its New

York correspondent. The appellee, express company, was the carrier and agency used; each shipment moved under a uniform express receipt. Upon arrival in New York the shipments in question were short. The express company deposited some money with the bank; the bank issued cashier's check for the deposits. In that way the bank became indebted to the express company in the sum of several hundred dollars represented by the checks on the bank itself. The bank declined to pay some of these checks on presentation on the ground that the company owed it for the shortage in shipments of money to its New York correspondent. The express company sued to recover the amount of the checks. The bank pleaded set-off for the amount of the shortages and asked for a judgment over. The trial court allowed some of the shortage for which a written claim had been filed, and disallowed any shortage for which a written claim had not been filed.

[1] Boiled down, the difference between the parties is: The bank claims that it was not required to file a written claim, and the express company insists that it was. The express company further maintains that there is a distinction between "loss in transit," and "damage in transit," and that section 7 of the express receipt and U. S. Comp. St. § 8604a, contemplate a case in which a shipment is accepted in good condition and delivered in damaged condition, and that when this money was taken from the package it was "lost," not "damaged." The contention is made that if the abstraction of the money is held to be a "loss in transit," then the filing of a written claim is a condition precedent to a right of recovery for it; while if it be held "damage in transit" the filing of a claim is rendered unnecessary by the exception in the seventh section of the receipt above referred to.

The opinion here prevails that the phrase "damaged in transit," as same appears in the receipt and the federal statute above referred to, refers to anything that occurs in transit resulting in a diminution in the value of the shipment. If a shipment of money be reasonably worth a given amount at the point of origin, and by reason of carelessness or negligence in transit the same shipment is worth materially less at destination, then in the eyes of the law that shipment was "damaged in transit"; the means by which the diminution in value was brought about, whether by fire or theft or other agencies, we regard as immaterial. Had the package of currency been negligently exposed to excessive heat in transit, so that the outside bills were scorched and rendered worthless, we apprehend that what occurred, resulting in loss to the owner, would properly be denominated as "damage in transit" even though the interior bills were unharmed. If the diminution in value of the same shipment results from careless handling which enables a thief to make away with or destroy a part of the currency, we can see no reason why that occurrence, producing as it does the same result, should not be so classified.

It results from what has been said that the appellant may recover for the part of the shipment abstracted in transit without filing a written claim therefor.

We have consulted Kahn v. American Ry. Express Co., 88 W. Va. 17, 106 S. E. 127, and the other authorities cited by counsel for appellee, and we think the conclusion of the learned court in these cases is erroneous in assuming that a theft of a part of a package is a loss as distinguished from damage to the shipment itself.

We are of the opinion that the shipment whose value is diminished in transit by carelessness is "damaged in transit" regardless of the form of carelessness. While the theft of a part of the package of currency doubtless results in *loss to the owner or custodian* of the package, the act of abstraction and its immediate consequence is a *damage to the shipment itself*. Our view is that Congress in the passage of the statute under which this express receipt was drawn, and the contracting parties here, *had the shipment itself in mind*, and intended and so expressly provided that if the shipment itself was "damaged in transit by carelessness," then the filing of a written claim was dispensed with because, as suggested by counsel for the appellee, the carrier's servants know, or at least are presumed to know, as to the fact which brought about the damage to the shipment while in their hands.

If the entire package had disappeared, the shipment would be a loss. The owner would be damaged, but the shipment itself would not.

If part of the shipment is abstracted, we may concede that the part abstracted is lost so far as the owner or custodian is concerned, but the shipment itself is not lost, but damaged to the extent of its diminished value as a shipment; the fact that the remainder of the shipment was unharmed does not convince us that the shipment considered as a whole was not damaged.

The ruling of the court below is not in harmony with the view here entertained, and the judgment there entered is reversed, and a judgment here rendered for the appellee, less the amount of shortages disallowed by the trial court. The appellee is taxed with the costs of this appeal in accordance with the provisions of section 3666 of the Code 1907, and the costs of establishing the plea of set-off in the court below.

Reversed and rendered.

On Hearing after Opinion of Supreme Court on Certiorari.

BRICKEN, P. J. On our former consideration of this cause, we were of the opinion, and so held, that a theft of *a part* of the

package of money shipped by express should be classified *as damage to the shipment*, rather than *a loss* of the shipment, and we attempted to dispose of the case on that theory.

[2] On certiorari to the Supreme Court, by whose decisions we are bound (Acts 1911, p. 100), our holding in this respect was disapproved and it was held that the theft constituted a loss, for which claim must be made in writing to the originating or delivering carrier within four months after delivery of the property, as provided by the seventh section of the receipt given the appellant by the express company.

Appellant now insists that we decide the other questions urged by it on the original submission of this case, which this court did not deem necessary to decide, owing to the views entertained, as appear in our original opinion.

The appellant insists: (1) That the express company could waive the provisions of the seventh section of the receipt requiring the filing of the claim in writing. (2) That if it could not waive the provisions of the receipt itself, it might and did waive the manner of giving the notice. (3) That the evidence in the record shows that the express company either waived the provisions of the receipt requiring the filing of the claim, or that it waived the manner of giving said notice.

It is unnecessary to pass on these propositions, as we regard the rule in Ga. F. & A. Ry. Co. v. Blish Milling Co., 241 U. S. 190, 36 S. Ct. 541, 60 L. Ed. 948, relating to a compliance with the provisions of the receipt, applicable here.

[3, 4] The record in this case discloses that the bank notified the express company at Samson, Ala., through its duly authorized agent, of the shortages occurring in the shipment of money promptly as they occurred; that said agent informed the bank that he would advise the express company of the shortages and get the matters adjusted; that the express company's agent was advised as to the amount of the shortage in each instance, and in each instance agreed to have the matter adjusted, and in that connection advised the bank that it would not be necessary to make claim in writing. It further appears that the bank *at the same time*, and in connection with its complaint, submitted to the express company's agent the letters from the National Park Bank of New York, its New York correspondent, together with affidavits *showing the amount of the shortage*, the conditions of the seals of the packages, and other details in connection with the loss. It further appears that at the agent's request, the bank wrote its New York correspondent for further and additional information regarding the shortages and particulars connected with the receipt of the packages by the New York bank, such as the name of the person who counted the money, the condition of the packages received, and the time of their receipt. All of this written information was furnished the express company at its request within the time required. Appellant insists that it practically and substantially complied with the conditions of the receipt relating to the filing of a claim.

We are of the opinion that these facts, and others of similar import, show a sufficient filing of the claim in writing as required by the seventh section of the express receipt. In other words, as was said by the Supreme Court of the United States in the Blish Milling Company Case, supra, we are of the opinion that this correspondence "established beyond question the particular shipment to which the claim referred and was in substance the making of a claim within the meaning of the stipulation—the object of which was to secure reasonable notice. * * * Granting that the stipulation is applicable and valid, *it does not require documents in a particular form*. It is addressed to a practical exigency and it is to be construed in a practical way."

It results from what has been said that this court is of the opinion that the judgment entered by the court below is erroneous and should be reversed, and a judgment is here rendered for the appellee, less the amount of the shortages disallowed by the trial court. The appellee is taxed with the costs of this appeal in accordance with the provisions of section 3666 of the Code 1907 (section 7226, Code 1923), and the costs of establishing the plea of set-off in the court below.

Reversed and rendered.