(106 So. 197)
Ex parte AMERICAN RY. EXPRESS CO.

FARMERS' & MERCHANTS' BANK OF SAMSON v. AMERICAN RY. EXPRESS CO.

(4 Div. 188.)

(Supreme Court of Alabama.* Jan. 28, 1925. Rehearing Denied May 14, 1925.)

1. Commerce ⬤═8(12)—Matters on which rights and liabilities in connection with interstate shipment are determined, stated.

In view of U. S. Comp. St. §§ 8604a, 8604aa the rights and liabilities in connection with an interstate shipment depend on the applicable congressional acts, bills of lading or receipts issued for shipment, and common-law principles accepted or enforced by federal courts.

2. Carriers ⬤═60—Express receipt delivered and accepted constitutes contract of shipment if it contains no illegal provisions.

An express receipt issued and delivered and accepted constitutes the contract of shipment if it contains no illegal provisions.

3. Carriers ⬤═159(1)—Theft of part of money shipped by express not "damage in transit" within provision of statute and receipt excusing filing of claim; "loss in transit."

A theft of part of money shipped by express from Alabama to New York held not to constitute damage in transit within U. S. Comp. St. § 8604a and provision of express receipt that written claim for loss is not required to be filed, where damage or injury complained of is due to damage in transit, but such theft is a "loss in transit" requiring filing of such claim within four months under terms of receipt after delivery as condition precedent to recovery.

Certiorari to Court of Appeals.

The American Railway Express Company sued the Farmers' & Merchants' Bank of Samson, and from the judgment the defendant appealed to the Court of Appeals. The judgment of the circuit court being there reversed, the plaintiff, American Railway Express Company, petitions for certiorari to the Court of Appeals to review and revise its said judgment and decision in the case styled Farmers' & Merchants' Bank of Samson v. American Ry. Express Co., 106 So. 195. Writ granted.

R. C. Alston, of Atlanta, Ga., and C. D. Carmichael, of Geneva, for the petition.

The shipment is interstate, and is governed by the acts of Congress and decisions of the

federal courts. Sou. Ex. Co. v. Byers, 240 U..S. 612, 36 S. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197; Nor. Pac. v. Wall, 241 U. S. 87, 36 S. Ct. 493, 60 L. Ed. 905; G. F. & A. v. Blish Mill. Co., 241 U. S. 190, 36 S. Ct. 541, 60 L. Ed. 948; C., N. O. & T. P. v. Rankin, 241 U. S. 319, 36 S. Ct. 555, 60 L. Ed. 1022, L. R. A. 1917A, 265; St. L. & S. F. v. Starbird, 243 U. S. 592, 37 S. Ct. 462, 61 L. Ed. 917. The provision in section 7 of the receipt for contractual limitation is valid. G. F. & A. v. Blish Mill. Co., supra; Tex. Pac. v. Leatherwood, 250 U. S. 478, 39 S. Ct. 517, 63 L. Ed. 1096; St. L. & S. F. v. Starbird, supra. The receipt having been delivered and accepted constituted the contract of shipment. Amer. Ry. Ex. Co. v. Lindenburg, 260 U. S. 584, 43 S. Ct. 206, 67 L. Ed. 414. The words "loss" and "damage" are not the same, and the filing of claim was necessary in this case. G. F. & A. v. Blish Mill. Co., supra; Kahn v. Amer. Ry. Ex. Co., 88 W. Va. 17, 106 S. E. 127; Henningsen Prod. Co. v. Amer. Ry. Ex. Co., 152 Minn. 209, 188 N. W. 272; St. Sing v. Am. Ry. Ex. Co., 183 N. C. 405, 111 S. E. 710; Lissberger v. Bush Ter. R. Co., 119 Misc. Rep. 691, 197 N. Y. S. 281.

Mulkey & Mulkey, of Geneva, opposed.

The words "loss" and "damage" are used interchangeably. Turner v. Woodward, 123 Ga. 866, 51 S. E. 762; L. & N. v. Mink, 126 Ky. 337, 103 S. W. 294; Carroll v. Rye, 13 N. D. 458, 101 N. W. 894; N. Y. P. & N. Co. v. Peninsula Prod. Co., 122 Md. 215, 89 A. 433. Presentation of a claim was not necessary.

THOMAS, J. The seventh section of the receipt given by defendant is as follows:

"Except where the loss, damage or injury complained of is due to delay or damages while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery claims must be made in writing to the originating or delivering carrier without four months after the delivery of the property or, in case of failure to make delivery, then without four months after a reasonable time for delivery has elapsed, and suits for loss, damage or delay shall be instituted only within two years and one day after the delivery of the property or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

The pertinent provisions of the statute are contained in the Cummins Amendment of March 4, 1915, 38 Stat. 1196, c. 176, as follows:

"Provided further, that it shall be unlawful for any such common carrier to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: Provided, however, That if the loss, damage, or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery. (24 Stat. 386. 34 Stat. 595. 38 Stat. 1196. 39 Stat. 441.)" 8 U. S. Comp. Stat. 1916, § 8604a.

The issue presented is one of law, the facts being undisputed. It is not embarrassed by any pleading. The transcript recites:

"By agreement of the parties, all pleadings subsequent to the pleas of the defendant are withdrawn, and plaintiff pleads to defendant's plea of set-off the general issue in short by consent with leave to give in evidence any matter that may be especially pleaded, and defendant replies in like manner, and to the like extent; and the parties waive a trial by jury and consent that the court may try the case without a jury."

It was further agreed:

"That either party might offer evidence of any matter which would support a good plea of replication, and that the pleading should be in short, by consent."

[1, 2] The shipment is interstate, and the rights and liabilities in connection therewith depend upon the acts of Congress having application, the bill of lading or receipt issued for the shipment, and the common-law principles accepted and enforced by the federal courts. Southern Express Co. v. Byers, 240 U. S. 612, 36 S. Ct. 410, 60 L. Ed. 825, and authorities there collected. This rule has been adhered to by the later decisions of that court. St. Louis, etc., Co. v. Starbird, Adm'r, 243 U. S. 592, 37 S. Ct. 462, 61 L. Ed. 917. The receipt issued, delivered, and accepted constitutes (if it contains no illegal provisions) the contract of shipment. American Railway Express Co. v. Lindenburg, 260 U. S. 584, 43 S. Ct. 206, 67 L. Ed. 414; Kahn v. American Railway Express Co., 88 W. Va. 17, 106 S. E. 126. The Carmack Amendment of the Hepburn Bill (8 U. S. Comp. Stat. §§ 8604a, 8604aa) withdrew all questions arising in interstate transportation from the field of state law and regulation. The statute required the common carrier receiving the property for transportation to issue a receipt or bill of lading. Act March 4, 1915, ch. 176, 38 Stat. at L. 1196, as amended by the Act of Aug. 9, 1916, ch. 301, 39 Stat. at L. 441; Comp. Stat. § 8592; Fed. Stat. Anno. Supp. 1918, p. 387; American Railway Express Co. v. Lindenburg, supra.

[3] The insistence of appellant is that shipments of money from Alabama to New York over the lines of defendant express company were found, on arrival at destination, not to contain all the currency originally in the package at and going from the point of shipment; that this failure on the part of the carrier constitutes *damage* in

transit, and its legal status is within the exception set out in section 7 of the receipt, where *no claim is required*—"where the loss, damage or injury" is "due to delay or damage"" in loading or unloading or in transit "by carelessness or neglect." The plaintiff, appellant, sought to bring the case within the exception as "*damage* in transit by carelessness or neglect," excusing the filing of the claim. (Italics supplied.) The word "damage" in this contract is not synonymous with *loss*. It follows that the plaintiff was not excused by the contract (the receipt of the shipment) or the statute.

In the case of Georgia, Florida & Alabama Railway Co. v. Blish Milling Co., 241 U. S. 190, 195, 36 S. Ct. 541, 544, 60 L. Ed. 948, 952, it is said, of a clause of a bill of lading requiring notice, that—

"It may be urged that the carrier is bound to know whether it has delivered to the right person or according to instructions. This argument, however, even with respect to the particular carrier which makes a misdelivery, loses sight of the practical object in view. In fact, the transactions of a railroad company are multitudinous, and are carried on through numerous employees of various grades. Ordinarily the managing officers, and those responsible for the settlement and contest of claims, would be without actual knowledge of the facts of a particular transaction. The purpose of the stipulation is not to escape liability, but to facilitate prompt investigation. And, to this end, it is a precaution of obvious wisdom, and in no respect repugnant to public policy, that the carrier by its contracts should require reasonable notice of all claims against it even with respect to its own operations."

It will be further noted in this last-mentioned case that—

"It is urged, however, that the carrier, in making the misdelivery, converted the flour and thus abandoned the contract. But the parties could not waive the terms of the contract under which the shipment was made pursuant to the Federal act; nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to that conduct, and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. A different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed. Chicago & A. R. Co. v. Kirby, 225 U. S. 155, 166, 32 S. Ct. 648, 56 L. Ed. 1033, 1038, Ann. Cas. 1914A, 501; Kansas City Southern R. Co. v. Carl, supra [227 U. S. 639, 648, 33 S. Ct. 391, 57 L. Ed. 683, 686]; Atchison, T. & S. F. R. Co. v. Robinson, 233 U. S. 173, 181, 34 S. Ct. 556, 58 L. Ed. 901, 905; Southern R. Co. v. Prescott, supra [240 U. S. 632, 637, 36 S. Ct. 469, 60 L. Ed. 836]."

This observation is pertinent to the provisions of the receipt in evidence. See, also, Kahn v. American Railway Express Co., 88 W. Va. 17, 106 S. E. 127, holding a theft is a loss and not a damage in shipment; St. Sing v. American Railway Express Co., 183 N. C. 405, 111 S. E. 710, claim for goods lost not within exception of statute as to notice; Allen v. Davis, 125 S. C. 256, 118 S. E. 614, loss by total failure to deliver not a loss due to delay or damage; Henningsen Produce Co. v. American Railway Express Co., 152 Minn. 209, 188 N. W. 272, that loss was not a damage; Cummins Amendment of March 4, 1915, 38 Stat. 1196, c. 176, U. S. Comp. Stat. § 8604a.

It follows that the Court of Appeals was in error in reversing the judgment of the circuit court. It had allowed to the plaintiff the amount of "the shortage for which written claim had been filed and disallowed any shortage for which a written claim had not been filed," and the Court of Appeals said "that the appellant may recover for the part of the shipment abstracted in transit without filing a written claim therefor." In this there is error.

The writ of certiorari will issue only in event it becomes necessary.

Writ granted.

All the Justices concur.